### HERMANN v. THOMAS et al.

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1911. Rehearing Denied Jan. 11, 1912.)

1. RECEIVERS (§ 3*)—NATURE OF REMEDY—INCIDENTAL TO OTHER PROCEEDINGS.

The right to appoint a receiver is a mere ancillary proceeding, and does not exist when it is the only relief sought by the plaintiff.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. RECEIVERS (§ 3*)—NATURE OF REMEDY—INCIDENTAL TO OTHER PROCEEDINGS.

Where persons, seeking a receiver as ancillary to a pending suit for the recovery of lands, in which they were defendants, were in possession of the land, and show no lack of good faith on the part of the plaintiff in bringing such suit, even though the plaintiff therein owned adjoining land, on which were situated oil wells which might pump oil that petitioners would otherwise obtain from their land, the fact that they did not have sufficient means to prospect for oil on the land, and that, by the prosecution of the suit, it has been rendered impossible to contract with oil drillers on a rental or royalty basis, shows no such invasion of their rights as will entitle them to a receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 3; Dec. Dig. § 3.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Petition for receiver by William W. Thomas and others against George H. Hermann. From a judgment appointing the receiver, defendant appeals. Reversed, judgment vacated, and receiver discharged.

See, also, 141 S. W. 574.

J. W. Lockett, for appellant. S. H. Brashear, for appellees.

PLEASANTS, C. J. The petition in this case, filed by the appellees, Wm. W. Thomas and others, and upon which the judgment appealed from was rendered, alleges, in substance: That plaintiffs are the owners in fee simple of a tract of land on the John Brown Jones survey in Harris county, which is fully described in the petition; that, on January 8, 1910, prior to the filing of this suit on February 21, 1910, in a suit brought by the defendant, George H. Hermann, against these plaintiffs to recover title of said land, said suit being cause No. 35,021, in the district court of Harris county, judgment was rendered against said defendants and in favor of these plaintiffs for the title and possession of said land; that defendant, Hermann, is the owner of and in possession of a tract south of and adjoining that involved in this suit, and has for some years, through himself and lessees, been developing and operating for oil and gas on his said land, and has drilled a large number of wells, six of which are within a very short distance of the boundary, and which, plaintiffs allege, are producing several hundred barrels of oil per day; that said wells are so near said line that in all human probability a large part of the oil drawn by means of said wells is taken from under the land of plaintiffs; that defendant is vigorously prosecuting the work of extracting said oil, and is not accounting to plaintiffs therefor; that the land of plaintiffs is, they are informed and believe, valuable for purpose of oil development, and that if the title were free from complications a lease on advantageous terms, usual in the Humble oil field, where said land is situated, could be made, and plaintiffs realize an income of one-sixth of the product, which they believe would amount to many thousand dollars per year; that Hermann has given notice and is actively preparing an appeal from the judgment in said case 35,021; that plaintiffs

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

believe that a final judgment on said appeal can be obtained only at the expiration of about a year or more, and that they believe, in the meantime, defendant will have taken many barrels of oil from their land; that, unless wells are drilled and operated on plaintiffs' land at once, the oil will, they are informed and believe, be drawn by Hermann's wells, and their lands rendered almost valueless; that said land was adjudged to plaintiffs on the 8th day of January, 1910, and that at a former term another jury awarded to defendants therein all the land then claimed by them, being all of the land herein described, except several acres at the south end; that, owing to Hermann's assertion of title and his appeal, plaintiffs are unable to make a lease of said land for oil or gas development, and have no remedy at law known to them, and that, unless a receiver be appointed, they will suffer irreparable loss and damage; that they are advised that they have no right to require defendant to account to them for any oil taken at the surface of his land, although the same may be shown to have been drawn from plaintiffs' land; that a sequestration or injunction would be unavailable, because it would merely place the plaintiffs in possession, and operators would still be deterred from making contracts for development on account of the condition of the title and their apprehensions that they would have to account to defendant for all of said oil. Wherefore plaintiffs pray that a receiver be appointed, with power to take possession and control of the land, and to make a lease contract or contracts for the development of oil and gas therefrom reserving a royalty, to be fixed by the court, and under such restrictions as to the court may seem right, and to hold the royalty until it may be determined who is entitled to the same, and for such other orders as may be necessary, etc. The defendant answered by general demurrer and various special exceptions, and by general denial as to some of the allegations in the petition, and by special pleas, the nature of which it is not necessary to set out here.

Upon a hearing in the court below, defendant's general demurrer and special exceptions to plaintiffs' petition were overruled, and upon consideration of the evidence the trial judge rendered judgment in favor of the plaintiffs, and ordered that "the receivership prayed for be granted." E. S. Wood was appointed receiver, and given "full power and authority to take possession and control" of the land described in plaintiffs' petition. The bond of the receiver was fixed at $1,000, and the receiver was directed, upon the execution and approval of the bond and his taking the oath of office, to enter upon the discharge of his duties as such receiver. The powers and duties of the receiver are thus set out in the judgment:

"The said receiver shall, under the control of the court, have all of the powers conferred upon receivers by statute, and shall have power and authority to possess and control the said land until further orders of this court, and to make a lease contract or contracts upon said land for the development of oil or gas therefrom, reserving to said receiver a royalty interest in the product, and upon such other and further terms and conditions, and under such restrictions, as to the court may seem right and proper for the protection of the interests of the parties, and to hold the royalty share of such product until it may be determined who is entitled to the same, and subject to such orders from time to time, as may be necessary and proper for the protection and conservation of the interests and rights of whomsoever may ultimately be determined to be the owner of said land, said receiver's powers in relation to the making of said contract to be subject in all respects to the approval of this court; and said receiver shall, as soon as practicable after qualifying herein, obtain proposals from oil drillers for the development of said lands and the production of oil, or gas, or both, therefrom, and shall report the same as soon as practicable, having due regard for the interest of all parties, to the court for its action thereon; and it shall be the duty of said receiver to consider no proposal of lease, unless the same shall contain a provision requiring the driller or contractor to drill an offsetting well (directly opposite and across the line) from each producing well which may be drilled by him under said contract within 500 feet of a line established as follows: [Here follows the description of the alleged south line of the land in controversy.] The parties, plaintiffs, interveners, and defendants, herein shall also have the right to obtain proposals from parties wishing to enter into contract for the production of oil or gas on said tract, subject to the above terms and restrictions, and to report the same to said receiver, who in turn shall report said proposals to this court for its action."

The evidence, which consisted of copies of the record in the former suit for the land, brought by defendant against these plaintiffs, and of affidavits as to the oil operations of defendant upon his lands south of and adjoining the land in controversy, and the probable effect of such operations in drawing therefrom any oil that might be under the land in controversy, shows that plaintiffs, as alleged in their petition, recovered judgment for said land in the suit before mentioned, and that defendant is now prosecuting an appeal from said judgment; plaintiffs being in possession of said land. The evidence also justifies the conclusion that, because the title to the land is still in litigation, plaintiffs are unable to make a contract to have same prospected for oil upon a contract for a royalty; and that by defendant's oil operations upon his land adjoining the land in controversy the defendant will extract oil from under said land, if any is there situated.

Under appropriate assignments of error,

appellant complains of the judgment of the court overruling his general demurrer to the petition and his special exceptions thereto, questioning its efficiency, because it fails to show a cause of action in favor of plaintiffs against the defendant, and the only relief sought is the appointment of a receiver, which the court is not authorized to do when the petition fails to show a cause of action which entitles the plaintiffs to relief, independent of the right to a receiver, which is not in itself a cause of action, but only ancillary thereto.

[1] We think these assignments should be sustained. The general proposition that the right to the appointment of a receiver is not a cause of action, or, in other words, does not exist, independent of some other right, or the infringement of some right, of the plaintiff which would entitle him to maintain an action therefor, and when no cause of action is shown in the petition, and no relief sought, other than the appointment of a receiver, such relief will not be granted, is. well settled. Cattle v. Bindle, 5 Tex. Civ. App. 18, 23 S. W. 819; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 512.

[2] We do not understand that appellees' counsel question the correctness of this general proposition. His first counter proposition is: "This proceeding being ancillary to suit No. 35,021, in which plaintiffs recovered judgment for the land described in plaintiffs' petition, and there being shown a necessity for the protection and preservation of said property, so that the decree in the main case may be effective to the fullest extent, the right to the appointment of a receiver existed, and it was unnecessary to allege in the petition a further cause of action as the ultimate object of the suit." If it be conceded, for the sake of argument, that this application for a receiver can be regarded as ancillary to the suit, decided at the former term of the court, in which plaintiffs recovered the land involved in the present suit, there is nothing in the allegations of the petition in this case to show that plaintiffs, as ancillary to the relief sought and granted to them in that case, are entitled to have a receiver appointed. They were defendants in that suit; were then and are now in possession of the property. Plaintiff in that suit, who is defendant here, violated no right of these plaintiffs in bringing that suit, or in prosecuting his appeal from the judgment rendered therein; and the petition in this case alleges that defendant has the right to bore for and extract oil from his own land. If the allegations of the petition in this case had all been contained in the answer of the defendants in the main suit, and they had sought then to have a receiver appointed to prospect for oil on the property, pending the litigation over the title, such allegations would not have shown them entitled to such relief. The fact that they do not possess sufficient means to prospect for oil on the land and that defendant, by prosecuting a suit to recover the land under his claim of title, the good faith of which suit is not questioned, has rendered it difficult, if not impossible, for plaintiffs to make a contract with oil drillers to develop said land as an oil field on a rental or royalty basis, gives no cause of action in favor of plaintiffs against the defendant, and therefore does not show them entitled to have a receiver appointed to make contracts for the development of the land. Plaintiffs are in possession of the land, and defendant has not wrongfully done anything which interferes with their use and enjoyment of the property; and they are not entitled to have a receiver appointed to make contracts for developing the land as an oil field, merely because they are unable to develop the land themselves, or to make a contract for such development.

Such being our views upon the question of the sufficiency of the petition to entitle plaintiffs to have a receiver appointed, it is unnecessary for us to discuss the remaining assignments of error presented in appellant's brief.

We are of opinion that the order or judgment of the court below, appointing the receiver, should be reversed, and such order vacated and the receiver discharged, and it has been so ordered.