KOKERNOT et al. v. ROOS et al. (No. 5815.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1916. Rehearing Denied Nov. 22, 1916.)

1. CORPORATIONS ⊕⇒614(1), 621(1) — INSOLVENCY—RECEIVERSHIP—STATUTE.

Under Rev. St. 1911, art. 1203, authorizing stockholders of any insolvent corporation owning 25 per cent. of its stock to institute a suit for its dissolution, and providing that the corporation proceeded against shall have ten full days notice prior to the date set for the hearing on the application for a receiver, no notice is required to be given a corporation by such stockholder in a suit seeking its dissolution, and the appointment of a receiver by such stockholder is not authorized; the provision therefor being merely a recognition of the fact that a stockholder, under certain conditions, may couple with his suit to dissolve an application for the appointment of a receiver, and intended to prevent the appointment of a receiver without notice.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2435, 2461–2464, 2471; Dec. Dig. ⊕⇒614(1), 621(1).]

2. CORPORATIONS ⊕⇒557(1) — RECEIVERSHIP —STATUTE.

A stockholder of a corporation applying for a receiver must do so under Rev. St. 1911, art. 2154, providing that any stockholder of a joint-stock or incorporated company may have his action against it and have a receiver appointed as in ordinary cases; and his right to a receiver must depend on whether he brings himself within article 2128 and subdivisions, defining the circumstances under which a receiver may be appointed, in which case it would be immaterial whether the stockholder had 25 per cent. of the stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2227; Dec. Dig. ⊕⇒557(1).]

3. CORPORATIONS ⊕⇒554 — RECEIVERSHIP — RIGHT OF STOCKHOLDER—JUDGMENT.

Rev. St. 1911, art. 2154, providing that any stockholder of a joint-stock or incorporated company may have his action against it and may have a receiver appointed as in ordinary cases, places such stockholder in the same class with the creditors, and hence it is not essential that he should have a judgment or express lien upon the property of the corporation, though he must have a claim or cause of action against the corporation within the jurisdiction of the court, independently of the receivership, and hence a suit by a stockholder, with the consent of the corporation, not to recover any sum against it, but merely to throw it in the hands of a receiver and delay the collection of a defendant's first lien debt and obtain time in which to borrow money and pay off the lien, could not be maintained.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2220; Dec. Dig. ⊕⇒554.]

4. RECEIVERS ⊕⇒1 — DEFINITION — "RECEIVER."

A "receiver" is an indifferent person between the parties to a cause appointed by the court to receive and preserve the property or fund in litigation pendente lite.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 1; Dec. Dig. ⊕⇒1.

For other definitions, see Words and Phrases, First and Second Series, Receiver.]

5. RECEIVERS ⊕⇒29(1)—APPOINTMENT—PRECAUTION.

The exercise of the extraordinary power of a chancellor in appointing receivers is a delicate and responsible duty to be discharged with the utmost caution and only under such special and peculiar circumstances as demand summary relief, and to prevent manifest wrong and injury.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 38–41; Dec. Dig. ⊕⇒29(1).]

6. RECEIVERS ⊕⇒3—APPOINTMENT—PENDENCY OF ACTION.

A prayer for a receiver is merely ancillary to a cause of action pending between parties in which a judgment by one may be obtained against the other, and a receiver should not be appointed for a corporation where no cause of action is pending upon which a judgment could be predicated.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 5–17; Dec. Dig. ⊕⇒3.]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Suit by Edward Roos against the Summit Place Company, H. L. Kokernot and others, and R. E. Weber, receiver of the Continen-

tal Trust Company, for. dissolution .of the Summit Place Company, alleged to be insolvent, for the appointment of a receiver, and for an injunction to restrain its sale of lots. Receiver appointed, and temporary writ of injunction issued, and H. L. Kokernot and others appeal. Order appointing the receiver and issuing the injunction set aside, and cause remanded.

Templeton, Brooks, Napier & Ogden, of San Antonio, and Q. U. Watson, of Houston, for appellants. Lewright & Douglas, of San Antonio, for appellees.

FLY, C. J. This is an appeal from an order appointing a receiver and granting a temporary injunction against R. L. Ball, the trustee in a deed of trust given by the Summit Place Company to secure H. L. Kokernot in the sum of $30,000, and Lee C. Ayers, trustee for a second mortgage, to restrain them from selling certain lots in Summit place, in the city of San Antonio. The suit was instituted by Edward Roos, claiming to be a creditor and the owner of 25 per cent. of the corporate stock of the Summit Place Company, against that company, Frederick Terrell, R. C. Roos, H. L. Kokernot, R. L. Ball, Lee C. Ayers, and R. E. Weber, receiver of the Continental Trust Company, to dissolve the Summit Place Company, alleged to be an insolvent corporation which had forfeited its right to do business by a failure to pay the franchise tax, to have a receiver for the corporation appointed, and for injunctions to restrain the sale of the lots of the corporation under and by virtue of the deeds of trust given by it. The petition was filed on September 4, 1916, notice was waived and service accepted by Frederick Terrell as vice president of the Summit Place Company, and R. C. Roos accepted service for himself, and on September 5, 1916, without hearing any evidence, the court appointed a receiver and issued temporary writs of injunction against Ball, Ayers, Kokernot, and Weber restraining sale of the lots. No notice was given them of any application for the appointment of a receiver or injunction. A bond of $5,000 was required of Edward Roos before issuing the injunction, but the record fails to disclose that such bond was ever given.

[1, 2] Article 1203 authorizes stockholders of any insolvent corporation who own 25 per cent. of the stock to institute and prosecute a suit for the dissolution of the corporation. The article closes as follows:

"It is further provided that any such corporation proceeded against shall have ten full days notice prior to the day set for the hearing, on an application for the appointment of a receiver."

We think the proper construction of article 1203, Rev. Stats., is that no notice is required to be given a corporation by a stockholder or stockholders owning 25 per cent. of the stock who may seek to dissolve it, and that the provision "that any such corpora-

tion proceeded against shall have ten days' full notice prior to the day set for hearing on an application for the appointment of a receiver" does not authorize the appointment of a receiver by such stockholders. This provision is merely a recognition of the fact that a stockholder, under certain conditions, might couple with his suit to dissolve a corporation an application for the appointment of a receiver, and, should he do so, he must give the corporation ten days' notice. It was an effort to prevent the appointment of a receiver, under the circumstances, without the notice. There is no authority given a stockholder in article 1203, to apply for a receiver, but to obtain this authority he must go to article 2154 Revised Statutes, where it is provided that:

"Any stockholder or stockholders of such joint-stock or incorporated company may have his or their action against such company, and may have a receiver appointed as in ordinary cases."

The article places the stockholder in the same class with a creditor or other individual, and his right to a receiver must then depend on his ability to bring himself within the purview of one of the subdivisions of article 2128, which define the circumstances under which a receiver may be appointed. It would not matter whether the stockholder had 25 or 1 per cent. of the stock of the company; if he could show that he was entitled to a receivership the law would accord it to him.

In this case a stockholder sued the corporation and sought its dissolution, joining with it an application for the appointment of a receiver. Process was waived and service accepted by the corporation, the only one to whom notice was necessary, under the statute. In connection with the allegation that the plaintiff was a stockholder and that the corporation was insolvent and had forfeited its corporate rights, it was alleged that it was indebted to him in the sum of $4,000.

[3] Article 2154 having placed the stockholder in the same category of any other creditor, the same rules will apply to both, and in the case of Railway v. Davis, 30 S. W. 693, this court held that it was not essential that the claim of a creditor "should have become a judgment, or that he should have an express lien upon the property of the corporation." He must, however, have a claim.

Again, in the case of People's Inv. Co. v. Crawford, 45 S. W. 738, it was held by this court, in passing upon the application by stockholders for the appointment of a receiver, that:

"A stockholder seeking the appointment of a receiver for a corporation on the ground of insolvency, or imminent danger thereof, must show, to entitle himself to such appointment, that he has a cause of action against the corporation, independently of the receivership, that the corporation is insolvent, or in imminent danger thereof, and that his interest as such stockholder requires the appointment to be made."

The only allegation as to the indebtedness of the corporation is:

"That said Summit Place Company is indebted to this plaintiff in the sum of $4,000."

Other indebtedness is also alleged to other parties. There is no prayer for a judgment against the corporation for the indebtedness, and it is evident the object of the suit was not to recover any sum against the corporation, but merely to throw it into the hands of a receiver and delay the collection of a first lien debt due to H. L. Kokernot. As said in Style v. Lantrip, 171 S. W. 786, speaking of the appointment of a receiver:

"The exercise of such appointing power is purely auxiliary, depending upon the pendency of a suit, seeking some other and ultimate relief, which is within the jurisdiction of the court." Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Hermann v. Thomas, 143 S. W. 195; Railway v. Gay, 86 Tex. 582, 26 S. W. 599, 25 L. R. A. 52; High on Rec. § 17.

"It is not only essential that the petition should state grounds calling for the appointment of the receiver to take charge of the property involved in the litigation, but it should also show upon its face an independent cause of action within the jurisdiction of the court."

That case was approved by this court in Toomey v. Mortgage Co., 177 S. W. 540.

In the case of Houston Ice & Brewing Co. v. Clint, 159 S. W. 409, speaking of the appointment of a receiver at the instance of a second lienholder, this court held:

"In this case the applicant for the receivership had no interest in the property except in so far as there might be a surplus after paying off the first lien, and he had no right, and could not be endowed with the right by the court, to needlessly sacrifice the property of the first lienholder. Under the allegations of the petition for the receivership, the court should not have entertained the suit, which could result in nothing but an impairment or sacrifice of the mortgaged property."

In this case the petition seeks a receivership in a case wherein it is alleged that there are liens against the property amounting probably to $60,000. There is no allegation that the property is worth more than that sum, the only allegation as to value being that:

The property "is of the reasonable market value of $150,000 or more in normal times, but the real estate market in the state of Texas is much depressed at the present time, and, by reason thereof, said property would not sell for anything approximating said amount."

From an inspection of the act of 1907, of which article 1203 is a part, it appears that the object of the act, as expressed in the caption, was to prohibit insolvent corporations from doing business in this state, and to provide means by which charters could be forfeited. The appointment of receiver is not mentioned in the caption. There is nothing in the act indicating that there was any intention or desire on the part of the Legislature to repeal or in any manner interfere with the provisions of the act of 1887, a part of which is article 2154, which provides the grounds upon which a receiver may be appointed at the instance of a stockholder.

Now in section 2 of the act of 1907 (Acts 30th Leg. c. 183) it is provided that, when the dissolution of a corporation is sought at the instance of the Attorney General, the court may in its discretion appoint a receiver to administer the affairs of the corporation, but no such provision is found in the section relating to a dissolution obtained at the hands of a stockholder, and we are of the opinion that a stockholder, in order to obtain the appointment of a receiver, must comply with the requirements exacted from any other person.

If a petition setting up the facts authorizing the dissolution of a corporation under the provisions of article 1203 would be sufficient ordinarily to obtain the appointment of a receiver, which is not deemed a correct proposition by this court, still in this case, in view of the fact that the circumstances indicate a design upon the part of the stockholders, directors, and officers, which usually compose a corporation, to obtain a receiver simply to prevent the collection of a debt, the receiver should not have been appointed. The suit to all intents and purposes was one upon the part of the corporation to destroy itself and have its affairs administered by a receiver, in direct violation of article 2154. Everything connected with the suit indicates that the suit was fully concurred in by every one interested in the corporation. Under the circumstances it is impossible to imagine the corporation as not seeking the dissolution and appointment of a receiver when all the stockholders, all the directors, and all the officers were undoubtedly aiding and abetting the suit.

We recognize the fact that a corporation is a legal entity, separate and distinct from its membership, but it can only act through its lawfully authorized agents, and when its officers, stockholders, and entire membership concur in a certain action, it must and will usually bind the corporation, because without these officers, members, stockholders, the corporation is a myth, utterly incapable of power or action. The corporation is a creature of the law, but whenever it is entirely separated from its members, officers, and directors it is only a dream, and exists only in its potentiality of being revived by a new membership and reorganization. If a corporation can be bound by its agents it must be bound within the limitations of the law creating it, by the united actions of all of its officers, directors, and stockholders. It is drafting too heavily on the human mind to imagine a corporation not acting when every one interested in or connected with it has acted for it.

The petition in this case clearly indicates that time in which to borrow money to pay off the two liens was the sole object of the suit and to attain that object a receivership was applied for. That application was not ancillary to any other demand, but was the

sole purpose to be gained by the suit. It was a suit to which ready acquiescence was made by the three stockholders who were the only directors, and one of them accepted service for the corporation, and the other for himself. Whether the corporation could fail to agree to the suit and stand sponsor for it when all the stockholders and all the directors were aiding and abetting it is not quite apparent. The whole affair has the appearance of an agreement of the corporation through its stockholders and directors to obtain a receivership to gain time on a debt that was due and the validity of which is not disputed.

If the receivership was hastily and improvidently granted, it is no justification to say that the parties owning the prior liens on the property have not been injured, and the receivership will not prejudice their rights. H. L. Kokernot has a first lien on the property to secure a debt whose validity is not attacked, and it is an injury to him to have his sale of the property prevented and the collection of his debt indefinitely postponed in order that the market in real estate in Texas may readjust itself and land become more valuable. Stripped of all superfluities, that is the sum and substance of the action. The lienholders are to be put to the inconveniences and annoyances connected with a receivership merely that the corporation or rather its stockholders can obtain time to sell the property on a higher market. As said in Brenton v. Peck, 39 Tex. Civ. App. 224, 87 S. W. 898:

"The purpose to delay a sale until things yet to come may enhance the improvement company's holdings is practically admitted, and the powers of a court of equity are invoked, not upon a reasonably satisfactory showing that the plaintiff will otherwise lose his debt, but in order that the defendant Improvement Company may not have its property subjected to the danger of sacrifice at public sale when it prefers to hold for higher prices. Under the evidence adduced, it is not surprising that the defendant company submits with such complacency to a proceeding which is usually termed harsh and drastic, and which is generally denied, except upon a clear showing of necessity."

[4, 5] A "receiver" is defined as an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation pendente lite.

"The exercise of the extraordinary power of a chancellor in appointing receivers is an exceedingly delicate and responsible duty to be discharged by the court with the utmost caution, and only under such special or peculiar circumstances as demand summary relief. * * * And, since it is a serious interference with the rights of the citizen, without the verdict of a jury and before a regular hearing, it should be granted only for the prevention of manifest wrong and injury." High on Rec. § 3.

In this case no caution seems to have been exercised but upon the petition of a stockholder, and with the acquiescence of the other stockholders, the directors, and conse-quently the corporation, with no facts but the allegations of the plaintiff's petition, and those allegations candidly averring that the receivership was sought to gain time until the real estate market became more active and lands advanced in value, with a complacent corporation waiving process and accepting service and without a hearing, land was placed in the hands of a receiver, and lienholders prevented from collecting their debts, except by going into a court.

[6] It is stated by Beach on Rec. § 51, that it is the rule that, except in cases of infants and lunatics, a receiver will not be appointed, unless a suit or action is pending. In other words, as hereinbefore stated, the prayer for a receiver is merely ancillary to a cause of action pending between parties in which a judgment by one may be obtained against the other. A receivership is a mere incident to a pending action, and rarely can a case be found where a receiver can be appointed where no cause of action is pending, but, on the other hand, the only cause pending is the appointment of a receiver around which revolves all the incidents of the case. Take the receivership out of this case, and what cause of action is pending between Edward Roos and the Summit Place Company? Nothing upon which a judgment could be predicated. Was the indebtedness shown by an account, a note, or any other written instrument. There is no prayer for the debt, the only prayer being for an injunction, a receiver, for a dissolution of the corporation and a forfeiture of its charter, and that the assets after payment of indebtedness be distributed among the stockholders. He was not suing for a debt, but seeking the appointment of a receiver and an injunction to sustain him.

We deem it timely to suggest that in appointing receivers too great haste should not be indulged in, and time should be taken to allow parties affected by it to be heard. A restraining order for a few days until the facts could be heard could hurt no one, and might be the means of preventing oppression and ill-advised interference with rights of property.

The order appointing the receiver and issuing the injunction will be set aside, and the cause remanded.