## OATMAN et al. v. BOONE, Mayor, et al. (No. 6785.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1922. On Motion for Rehearing, Oct. 11, 1922.)

1. Receivers ⬤ᵣ32—Petition for receivership of storm wreckage denied when no prayer for relief against any one.

Rev. St. art. 2128, provides for the appointment of a receiver, inter alia, "in all other cases where receivers have been appointed by the usages of the court of equity," and it is a rule in equity that persons seeking receiverships must have a cause of action which entitles them to relief independent of the right to a receiver, and where, in a suit for receivership, there was no prayer for relief against any one, the sole object being the appointment of a receiver to take charge of wreckage from a storm and sell it, the petition will be denied.

On Motion for Rehearing.

2. Parties ⬤ᵣ38—"Intervention" defined.

"Intervention" is the admission, by leave of court, of a person not an original party, into pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intervene—Intervention.]

Appeal from District Court, Nueces County; Wm. Masterson, Special Judge.

Suit for a receiver by J. B. Oatman and another against Gordon Boone, Mayor of Corpus Christi, and others. From a judgment dismissing the petition and dismissing defendant W. H. Bullard's cross-petition, plaintiffs and named defendant appeal. Affirmed in part; reversed and remanded in part.

H. D. McDonald, of Paris, E. P. Scott and G. R. Scott, Boone & Pope, all of Corpus Christi, for appellants.

J. C. Scott, of Corpus Christi, for appellees.

FLY, C. J. [1] This is a suit instituted on October 6, 1919, by J. B. Oatman and W. P. Helscher, appellants, against Gordon Boone, mayor of the city of Corpus Christi, H. R. Sutherland, county judge of Nueces county, William Horne, W. H. Bullard, J. C. Houts, county judge of San Patricio county, and sundry other persons whose names were unknown to appellants. In the petition it is alleged that appellants, on September 14, 1919, resided in Corpus Christi, Tex., and each owned a residence therein, one on the bay front and one on North Beach contiguous to said city, and each had furniture and other personal effects in their respective houses, which were frame buildings; that there were many other buildings, business houses, and residences on the beach under what was known as the "Bluff," and there were wharves, docks, buildings, and other improvements at Port Aransas Pass, in San Patricio county; that on September 14, 1919, the city of Corpus Christi and Port Aransas and Aransas Pass were struck "by a storm, hurricane, high winds and waves, which wrecked, demolished, destroyed, and floated away many houses and buildings situated within said territory, and particularly within the territory specifically described, including therein the residences of plaintiffs above described." It was further alleged that the debris of houses, furniture, fixtures, and appurtenances were scattered over the streets and vacant lots of Corpus Christi and along the shores and adjacent to Nueces river and bay, in Nueces and San Patricio counties, property of many persons being intermingled, causing great difficulty in identification; that the mayor of Corpus Christi and the county judges of the two counties had taken possession of the wreckage and property, through local officers and committees, most of which was not claimed or identified; that Bullard and others had taken possession of quantities

of lumber, building material, and other personal property, which were washed upon or adjacent to their lands, which they were holding without lawful right or claim. In a voluminous prayer, consisting of several printed pages, appellants sought the appointment of a receiver, to take possession of all the wrecked property, furniture, and appurtenances, to sell the same and distribute the proceeds to lawful claimants, and many other minute details of matters provided for in cases of receiverships. On October 7, 1919, the district judge, sitting in chambers, granted the receivership and appointed C. W. Gibson of Nueces county and John G. Willacy of San Patricio county receivers, giving explicit directions and most extraordinary autocratic powers and authority, to the extent, not only of seizing property, but of entering "upon the premises and in any building or house of any person, firm, or corporation who may have taken possession, or be in possession of any such property and seize and take possession of the same, and remove same from such premises, houses, or buildings as said receivers may provide and determine." The constitutional "right of the people to be secure in their houses, papers and effects" was no safeguard to the people of Corpus Christi under the order of the court, which clothed the receivers with unconstitutional powers equaled by none, except perchance those assumed by prohibition enforcement officers. Under those un-American plenipotentiary powers, the property and effects of the people of storm-stricken Corpus Christi were administered by the receiver for over two years, when the court sustained demurrers and dismissed the suit "as to defendant, W. H. Bullard." So far as the rest of the people of Nueces and San Patricio counties are concerned, the receivership still seems to be in operation.

Appellants claim no interest in the property of appellees merely alleging that their property had been demolished and intermingled with other property along the seashore, becoming the flotsam and jetsam of the angry waters and stormy winds. The property, appellants allege, has never been in the possession of the receiver, and they show by their allegations that they have no interest in it. In other words, appellants have sought to throw the wreckage and debris of the storm into hotchpotch for distribution to those who might feel disposed to swear to claims against the proceeds of the sale. It is alleged that much of the wreckage had been taken in possession by the mayor and county judges and their committees, and it is not alleged that they have in any manner violated or breached their trust, but it is alleged that they "are acting in the utmost good faith."

This suit was merely to obtain the appointment of a receiver, there being no contest as to rights of property between any two or more persons, and it would seem that after obtaining all they asked for the two persons who instituted this suit should have been satisfied, but they are not, and after the débris and wreckage had been fully administered, except that on the land of appellee and which he claims as his property; in some way the matter is again brought up and the cause dismissed, on exceptions filed by appellee. The receiver came into the case by joining himself in a supplemental petition filed by Oatman and Helscher, although not made a party by any order of the court, and the receiver is not mentioned in the judgment.

There are four subdivisions to article 2128 relating to receivers, the first two being in actions for certain named purposes, and the third being in cases where a corporation has been dissolved or is insolvent or in danger of insolvency or has forfeited its corporate rights. Appellants clearly do not bring themselves within the purview of either of those subdivisions, and must get their rights to a receiver, if at all, from subdivision four, which provides for receivers:

"In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

It is the general rule in courts of equity that the persons seeking a receivership must have a cause of action which entitles them to relief independent of the right to a receiver, which is an ancillary remedy. Pomeroy, Eq. Jur. § 1539; Hermann v. Thomas (Tex. Civ. App.) 143 S. W. 195; Style v. Lantrip (Tex. Civ. App.) 171 S. W. 786; Toomey v. First Mortg. Co. (Tex. Civ. App.) 177 S. W. 539; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Kokernot v. Roos (Tex. Civ. App.) 189 S. W. 505. There is no prayer for any relief in this case against any one, the sole object of the suit being the appointment of a receiver to take charge of the wreckage from a storm and sell the same. "It is not only essential that the petition should state grounds calling for the appointment of a receiver for the property involved in the litigation, but it should also show upon its face an independent cause of action within the jurisdiction of the court." This appellants have utterly failed to do.

It may be that under proper allegations the wreckage of houses and personal property intermingled by storm, flood, or earthquake so as to be incapable of identification should be administered under the direction of a court, in order to protect and conserve the interest of those owning parts of the property, when such interest could only be protected through the interposition of a court of equity; but the case presented herein does not contain allegations which would

justify such interposition. This case presents the most singular state of affairs. Parties have come into court for the sole purpose of obtaining a receivership, and after obtaining all· they desired, and after fully administering all the property except that belonging to appellee, the case is resurrected and dismissed. What right or business Oatman and Helscher have in the suit which was conclusive as to them has not been shown, and how the receiver got into and out of the case is not apparent. When the receiver was appointed the property described was in his possession and under his control, but he makes no effort as the servant of the court to obtain possession of the property of appellee, and makes no allegation that he has applied for and been denied possession of Bullard's property; but he merely joins in a supplemental petition with the other appellants, which sets up no cause of action whatever. He was ignored in the judgment, not being recognized as a party to the suit. The cause was properly dismissed.

There is no merit in the cross-assignments and they are overruled. No ground for damages is alleged. The lumber claimed by appellee has been in his possession all the time and has never been interfered with by the receiver, and no one has prevented appellee from using the lumber as he might see fit. The judgment was properly rendered against him on his cross-action.

The judgment is affirmed.

### On Motion for Rehearing.

[2] We again call attention to the fact that the receiver had been placed in possession of the débris from the storm and that he alone had the right, if any existed, of suing for the possession of the property in the hands of appellee. He did not seek to intervene in the suit and was never granted the authority to intervene. His name in some unaccountable way got into the supplemental petition filed by appellants and in some undisclosed manner was dropped from the suit, and no mention is made of him in the judgment. Intervention is the admission, by leave of the court, of a person not an original party, into pending legal proceedings, by which such person becomes ·a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings. There was no allegation in the pleadings of appellants that Gibson had ever been appointed receiver, although that omission was graciously supplied by appellee, who alleged that he had been appointed receiver and had duly qualified as such. The general and special exceptions of appellee were sustained as to the original petition, which, of course, did not mention a receiver who when it was filed was not in existence. The supplemental petition nor the receiver is mentioned in the judgment except in so far as it is stated that the receiver gave notice of appeal.

However, appellee in his cross-action fully recognizes the right of the receiver to appear in the suit, and prays for judgment against him as to the title to the property held by him and as to damages. The cross-action was in effect an original suit to try the rights of property in the débris on the lots of appellees, which property they allege the receiver was about to seize and appropriate. While adhering to our original opinion, we think the cause should be reversed as to the cross-action alone and the right to the property be tried as between appellees and the receiver, and it is accordingly so ordered. The appellants Oatman, and Helscher have no standing in this case, and the judgment of affirmance as to them and all the appellees except Bullard will be adhered to; but·the judgment as between the receiver and appellee Bullard will be reversed, and the cause remanded for a trial between the receiver and Bullard as to the ownership of the property held by Bullard. The costs will be assessed against appellants.