### BULLARD v. OATMAN et al. (No. 7324.)

(Court of Civil Appeals of Texas. San Antonio. March 25, 1925. Rehearing Denied April 22, 1925.)

1. **Property ⬤⟿9—Trial ⬤⟿139(1)—Possession of storm débris held prima facie evidence of ownership; erroneous to instruct verdict against one showing prima facie title.**

In view of the presumption of title raised by the possession of personal property, where landowner, whose houses were demolished by storm which wrecked many frame houses in a city and scattered the material in them, found such material on his land after the storm, and was in possession thereof, the presumption would be that such material came from his demolished houses and was owned by him, and as against one claiming a right to take charge as receiver of all such débris as unidentifiable it

was invading the province of the jury to instruct a verdict for the receiver.

2. **Property ⬤⟿9—Possessor entitled to recover against another failing to establish better right.**

Possessor of personal property is entitled to recover against the claims of another who fails to establish a better right to the property than that of the possessor.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by J. B. Oatman and another against Gordon Boone, as Mayor of Corpus Christi, and others, in which W. H. Bullard filed a cross-action. From an adverse judgment, cross-petitioner appeals. Reversed and remanded.

John C. Scott, of Corpus Christi, for appellant.

Boone & Savage and E. P. Scott, all of Corpus Christi, for appellees.

FLY, C. J. This is a second appeal of this case; the case coming before this court on the former appeal under the style Oatman et al. v. Boone, Mayor, et al., 244 S. W. 398. The cause was originally instituted by J. B. Oatman and W. P. Helscher against Gordon Boone, mayor of Corpus Christi, H. R. Sutherland, county judge of Nueces county, W. H. Bullard, William Horne, J. C. Houts, county judge of San Patricio county, and various persons whose names were unknown. It was alleged that on September 14, 1919, a storm swept Corpus Christi which wrecked many frame houses and scattered the material in them over a large territory; that the plaintiffs had two frame houses which were demolished and the material widely scattered and intermingled with other débris; that defendants had taken possession of the material. A receivership was prayed for and granted, and C. W. Gibson, of Nueces county, and John G. Willacy, of San Patricio county, were appointed receivers. Bullard was dismissed as a defendant. The sole object of the suit was to obtain a receiver, and afterwards the plaintiffs endeavored to renew the suit, but it was dismissed. The judgment of dismissal was sustained on appeal to this court. The receiver, C. W. Gibson, in some way crept into the suit, but was not mentioned in the judgment, but gave notice of appeal. While it did not appear that receiver had any standing in court under the pleadings of the plaintiffs, except that he joined in a supplemental petition, Bullard, now appellant herein, and appellee in the former appeal, had filed a cross-action to try the right of property in certain lumber he had piled on his own land, and the cause was reversed to give him an opportunity to establish his right to the property, and for no other purpose. The cause was tried as

between appellant herein and receiver, C. W. Gibson, and the original plaintiffs, and the court instructed a verdict in favor of the receiver and the plaintiffs as against appellant on his cross-action.

One issue was submitted to the jury on the cross-action by the receiver against appellant, as to the value of lumber sold by appellant, and the answer was, "$22.50 per 1,000 feet." On that verdict the court rendered judgment in favor of Gibson against Bullard for $1,125, and for the lumber remaining in the possession of Bullard.

The answer of the jury was based on the testimony of appellant, who swore that he sold the lumber for about $22.50 a thousand feet; the whole amounting, according to appellant's estimate, to $1,125, the amount for which judgment was rendered against appellant. Appellant testified that he still had about 12,000 feet of lumber on hand, and the receiver was given a judgment for that also. Appellant admitted that he could only identify a portion of the lumber as being his property. He stated that it was impossible to identify each piece of lumber, but he could identify a portion of it, and claimed all of it because of its situation on his land with reference to the buildings of his which were demolished and the points of the compass from which the wind came that tore down the houses. None of the lumber claimed by appellant was claimed and identified by any one, except a few planks claimed by C. W. Gibson, which were returned to him by appellant.

[1, 2] Appellant was in possession of the lumber, it being found on his land after the storm, and the presumption was that it came from his demolished houses, and there was some testimony to the effect that it was his property. It may not have been satisfactory proof, but it was sufficient to raise a question of fact which should have been submitted to a jury. The court must have decided that appellant had failed to show any title to the property, and so instructed a verdict and rendered judgment for the amount received for the portion which was sold and for the lumber still on hand. The very fact of possession of the lumber being on the land of appellant where his houses had been torn down were circumstances to establish the title to the lumber in appellant. The receiver claimed the property on the ground that the storm had scattered lumber from demolished houses, and on the fact that appellant could not swear to the identity of every plank piled on his land. His claim was not based on any affirmative testimony, but on the weakness of the testimony of appellant. Possession of personal property is prima facie evidence of title to the property, and the possessor will recover against the claims of any one who fails to establish a better right to the property than that of the possessor. Davis v. Loftin, 6 Tex. 489; Andrews v. Beck, 23 Tex. 455; Railway v. Cullers, 81 Tex. 382.

In the cited case of Davis v. Loftin the Supreme Court quotes the following from 3 Starkie on Evidence, 900, with approval:

"The effect of possession, as affording presumptive evidence of right, is very powerful. As against a mere stranger, the simple occupation of property, whether real or personal, however recent, is evidence of a right, and will enable the possessor to maintain trespass or trover; and, even where the right is otherwise doubtful, ought to turn the scale."

Under the facts of this case appellant was in possession of the lumber, and the receiver claimed it, not because any one could establish a better right to it than appellant, but simply because the storm had scattered débris all over the lower part of Corpus Christi, and the court placed the burden on the possessor and held that the property belonged to the receiver without allowing the jury to pass upon the facts. Instead of presumptions being indulged in favor of the man who had buildings torn to pieces and who found lumber where they had stood, the presumption was indulged in favor of the receiver, who showed no right or title to the lumber. If appellant had gone out to other property and gathered up lumber and carried it to his lot, or if any one had identified the lumber as his, a different case would have been presented, but these facts were not shown. The conclusion was reached because many houses had been demolished and lumber had been blown by the winds, or had floated upon the waters to lots of people not owning it; therefore the lumber on appellant's lot did not come out of his houses but must have been blown or floated thereon from other people's houses.

The court had no authority to assume that the receiver had the right to all material from wrecked houses, although the facts tended to show that it was the property of appellant, and it was a clear invasion of the province of the jury to instruct a verdict for the receiver. As held in our former opinion, J. B. Oatman and W. P. Helscher had no place in the suit and should have been dismissed from it.

It is not necessary to consider the assignments of error as to other points raised, as they will probably not arise again.

The judgment is reversed and the cause remanded, to be tried as between appellant and the receiver.