

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00519-CV

Lauro **CHAPA, SR.**, Scorpion Exploration and Production, Inc., Pintamor, Ltd., Piedras Pintas
Ranch, Ltd., Scorpion Drilling, Inc., Scorpion Operating, Inc., Scorpion Well Service, Inc., and
Chapco, Inc.,
Appellants

v.

Lauro **CHAPA, JR.**,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-11-111
The Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   December 28, 2012

VACATED IN PART; AFFIRMED IN PART

        Appellants filed this interlocutory appeal seeking to vacate the portion of the trial court's

August 8, 2012 order that they contend effectively appoints a receiver for Chapco, Inc. as part of

the underlying shareholder-derivative suit involving several related family businesses.  We agree

that section 4 of the order appoints a receiver, and we vacate that portion of the court's order

because there is no evidence in the record to support appointment of a receiver for Chapco, Inc.

**BACKGROUND**

Lauro Chapa, Jr., individually and as an officer and 50% shareholder of Chapco, Inc. ("Chapco") and 40% shareholder of Scorpion Exploration and Production, Inc. ("Scorpion E&P"), filed suit against his father, Lauro Chapa, Sr. and several related business entities, Scorpion E&P, Pintamor, Ltd., Piedras Pintas Ranch, Ltd, Scorpion Drilling, Inc., Scorpion Operating, Inc., and Scorpion Well Services, Inc., and Chapco (collectively, the "Chapa, Sr. Defendants"), alleging that Chapa, Sr. was engaged in a scheme to exclude Chapa, Jr. from participation in and control over the entities and to deprive him of the value of his interests in the entities. Specifically, Chapa, Jr. sought legal and equitable relief based on several tort theories, including minority shareholder oppression, breach of fiduciary duties, theft and conversion, constructive trust, conspiracy, and negligence. Chapa, Jr. sought appointment of a receiver for Chapco and Scorpion E&P in order to preserve the businesses and their assets.

On November 9, 2011, the court held a hearing on Chapa, Jr.'s application for appointment of a receiver. As a prelude to a full-blown evidentiary hearing, the court and attorneys engaged in a lengthy discussion on the record about the alleged transfers of Chapco assets, failure to pay Chapco's bills, exclusion of Chapa, Jr. from participation in running Chapco and sharing in its profits, and threats of violence between Chapa, Jr. and Chapa, Sr., and both sides represented they would produce evidence to support their arguments. The court expressed its reluctance to appoint a receiver for Chapco, and indicated its concern that a receivership would destroy the family businesses. Instead of proceeding to hear evidence, the court urged the parties to attempt to reach an agreement that would avoid the need for a receivership. The parties did negotiate an agreement, and the court subsequently signed an Agreed Temporary Order on January 12, 2012 which memorialized the parties' agreement with respect to discovery matters and the operation of the businesses, a monthly accounting to Chapa,

Jr., and an appraisal of Chapco's and Scorpion E&P's businesses with a view toward a buy-out by Chapa, Jr.; the agreed order also included a temporary injunction governing interactions between the father and son and protecting the assets and on-going operations of the entities.

Chapa, Jr. subsequently filed a motion for reconsideration of appointment of a receiver, or alternatively motion to enforce, citing Chapa, Sr.'s failure to comply with several portions of the Agreed Temporary Order. After a July 11, 2012 hearing, at which the court heard arguments but received no evidence, the trial court ruled that a special master should be appointed for Chapco.[1] Chapa, Jr. submitted a proposed order for appointment of the special master. The Chapa, Sr. Defendants filed a motion in opposition to Chapa, Jr.'s proposed order appointing the special master for Chapco, asserting that it essentially granted a receivership without due process in that no evidence was submitted to warrant the extraordinary relief of a receivership; some of the Chapa, Sr. Defendants submitted their own proposed order.

On August 8, 2012, the trial court signed an "Order Appointing Special Master" in which the court appointed the Honorable J. Manuel Banales, a Senior Judge, as "Special Master" for Chapco. Section 4 of the order authorized the Special Master to take possession and control of Chapco's accounts receivable, revenues and oil, gas and mineral leases, and to pay all of Chapco's expenses, on behalf of the court. Another section of the order referred all matters related to pre-trial discovery to the Special Master for findings and recommendations. Finally, other sections of the court's order instructed the parties to go to mediation, and ordered Scorpion E&P to make monthly payments on an outstanding loan. The August 8, 2012 order supplemented and modified the prior agreed order signed on January 12, 2012, which remained

---

[1] The court continued the hearing with respect to the application for receivership for Scorpion E&P and Scorpion Drilling, Inc.

in effect except as modified. The Chapa, Sr. Defendants filed a notice of interlocutory appeal seeking to vacate the portion of the August 8, 2012 order they contend creates a receivership.[2]

## ANALYSIS

On appeal, the Chapa, Sr. Defendants only challenge section 4 of the August 8, 2012 order, entitled "Control of Chapco, Inc.'s Receivables and Revenues and Payment of Chapco, Inc.'s Reasonable Expenses." They do not appeal the other portions of the order, including the section authorizing the Special Master to oversee all pre-trial discovery disputes. The Chapa, Sr. Defendants assert the trial court abused its discretion because: (1) it used a "special master" to take pre-judgment control of Chapco and create a rehabilitative receivership, without considering any evidence or the mandatory requirements for a receivership under Chapter 11 of the Texas Business Organizations Code; and (2) none of the mandatory bonding requirements for a receiver were satisfied. Chapa, Jr. responds that we lack jurisdiction to hear this appeal because an interlocutory order appointing a special master is not appealable; he also asserts that the Chapa, Sr. Defendants waived their objections to section 4 of the order and the bonding requirements, consented to the order, and invited error by submitting their own proposed order to the court.

### Section 4: Special Master or Receiver?

Because appellee Chapa, Jr. has contested our jurisdiction over this appeal, we must initially determine whether we have appellate jurisdiction to review the challenged portion of the order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Absent a statute authorizing an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments. *Id.*; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory

---

[2] Maria D. Garcia and James D. Dobos, II are defendants in the underlying suit, but did not join in the notice of appeal filed by the Chapa, Sr. Defendants.

orders may be appealed only if expressly permitted by statute, and we strictly apply such statutes because they constitute a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes*, 340 S.W.3d at 447; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352, 355 (Tex. 2001). The order at issue is indisputably an interlocutory order, as the merits of the underlying claims are still pending in the trial court. *Lehmann*, 39 S.W.3d at 192-93.

Section 51.014 of the Civil Practice and Remedies Code expressly authorizes a party to bring an interlocutory appeal from an order appointing a receiver. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West Supp. 2012). If a party wishes to challenge an order appointing a special master, on the other hand, the appropriate recourse is to file a petition for a writ of mandamus. *Simpson v. Canales*, 806 S.W.2d 802, 812 (Tex. 1991) (original proceeding); *Sheikh v. Sheikh*, 248 S.W.3d 381, 393-94 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (order appointing a master is not a final, appealable order, and interlocutory appeal is not authorized; thus the only vehicle for review is mandamus); *Moyer v. Moyer*, 183 S.W.3d 48, 58 (Tex. App.—Austin 2005, no pet.) (reasoning that order appointing master was not final and appealable because Civil Procedure Rule 171 requires further action by the court). The Chapa, Sr. Defendants assert that section 4 of the August 8, 2012 order constitutes a receivership, although the order recites it is appointing a special master, and they have filed this interlocutory appeal seeking reversal of that portion of the order. Chapa, Jr. argues that this court has no jurisdiction over the appeal because the order appoints a special master, not a receiver, and asserts we must dismiss the appeal. Therefore, in order to resolve the jurisdictional issue, we must determine whether the challenged portion of the order is one appointing a special master or a receiver.

A "master" is a neutral person designated to assist the court with specific matters referred by the court; a trial court may appoint a master only "in exceptional cases, for good cause." TEX. R. CIV. P. 171 (master shall be "a citizen of this State, and not an attorney for either party to the action, nor related to either party, who shall perform all of the duties required of him by the court, and shall be under orders of the court"); *Simpson*, 806 S.W.2d at 810-11. The court's order of reference may specify or limit the master's powers, and may direct the master to report on particular issues or to perform particular acts; the master remains under the court's authority and reports to the court. TEX. R. CIV. P. 171. The powers typically extended to a special master include the authority to contact the parties, to conduct hearings, to require the production of evidence, and to make recommendations to the court. *See In re Harris*, 315 S.W.3d 685, 704-05 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). For example, courts have found the appointment of a special master to be justified in cases involving discovery issues related to highly technical and complex documents. *See*, *e.g.*, *Hourani v. Katzen*, 305 S.W.3d 239, 247 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (upholding trial court's appointment of professional engineer as a master to assist court with highly technical nature of case involving feasibility of constructing a driveway or bridge along the edge of a lake); *see also TransAmerican Natural Gas Corp. v. Mancias*, 877 S.W.2d 840, 843 (Tex. App.—Corpus Christi 1994, orig. proceeding) (upholding appointment of special master with geological training and expertise to assist court with technical nature of the case); *but see Simpson*, 806 S.W.2d at 811-12 (court clearly abused its discretion in appointing special master to hear all pre-trial discovery matters because record did not show case was exceptional and that there was good cause to refer all discovery matters to master); *In re Harris*, 315 S.W.3d at 705 (appointment of computer expert as special master to examine computer hard drives and other electronic media was clear abuse of discretion because nature of the case was not highly technical or exceptional,

and did not require expertise in computer forensics). A master fills the role of referee in the underlying proceeding, and it is improper for a master to take on the role of advocate. *In re Harris*, 315 S.W.3d at 704; *Mancias*, 877 S.W.2d at 844.

A "receiver" is a similarly neutral and uninterested person appointed by the trial court; however, a receiver's role is focused on the protection of the property or funds that are the subject of the case. *Kokernot v. Roos*, 189 S.W. 505, 508 (Tex. Civ. App.—San Antonio 1916, no writ) (role of receiver is to receive and preserve the property or funds at issue in the litigation); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 64.001, 64.031-.032 (West 2008). A receiver is a disinterested party who acts as an officer of the court in representing the interests of all persons, including creditors, shareholders, and others, in the property subject to the receivership. *Security Trust Co. of Austin v. Lipscomb County*, 142 Tex. 572, 180 S.W.2d 151, 158 (1944). Subject to the control of the court, a receiver's powers and duties include taking charge and keeping possession of the property, receiving rents, collecting and compromising demands, making transfers of the property, and performing any other act in regard to the property authorized by the court. TEX. CIV. PRAC. & REM. CODE ANN. § 64.031; *see also id.* at § 64.033 (West 2008) (receiver may bring suit). Given the scope of a receiver's powers to deal with property, he is required to execute a sufficient bond before assuming the duties of a receiver. *Id.* § 64.023 (West 2008). The appointment of a receiver is recognized as a "harsh, drastic, and extraordinary remedy, to be used cautiously." *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Whether authorized by a particular statute or by equity, a receiver may not be appointed if another lesser remedy exists, either legal or equitable. *Id.*; *Rowe v. Rowe*, 887 S.W.2d 191, 200 (Tex. App.—Fort Worth 1994, writ denied) (statute permitting appointment of receiver over corporation authorizes receiver only if party seeking relief convinces court that all other legal and equitable remedies are inadequate). Appointment

of a receiver is justified only if the evidence shows a threat of serious injury to the applicant's interest in the property. *Benefield*, 266 S.W.3d at 31 (appointment of receiver over the assets and business affairs of a corporation is a radical remedy which should never be applied unless some serious injury is threatened or will result to applicant); *Ritchie v. Rupe*, 339 S.W.3d 275, 285-86 (Tex. App.—Dallas 2011, pet. granted) (receivership to rehabilitate a corporation is a remedy for shareholder oppression, but only as a last resort when less drastic equitable remedies such as a buy-out are inadequate); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 64.001 (property or funds must be in danger of being lost, removed, or materially injured to justify receivership).

Here, Chapa, Jr. pled for appointment of a receiver for the assets and business of Chapco "in order to bring about a corporate rehabilitation" under section 11.404 of the Texas Business Organizations Code; he pled in the alternative for a liquidating receivership under section 11.405. TEX. BUS. ORGS. CODE ANN. §§ 11.404, 11.405 (West 2012). Section 11.404(a) provides that a court may appoint a rehabilitating receiver for a domestic entity's property and business in an action by an owner if (i) the entity is insolvent or in imminent danger of insolvency, (ii) the governing persons or shareholders are deadlocked in the management of the entity's affairs and irreparable injury to the entity is being suffered or threatened, (iii) the actions of the governing persons of the entity are illegal, oppressive, or fraudulent, or (iv) the property of the entity is being misapplied or wasted; Chapa, Jr. alleged all of these grounds. *Id.* § 11.404(a)(1)(A)-(E). Subsection (b) of section 11.404 restricts a court's authority to appoint a receiver, stating that a receiver may be appointed under subsection (a) "only if: (1) circumstances exist that are considered by the court to necessitate the appointment of a receiver to conserve the property and business of the domestic entity and avoid damage to interested parties; (2) all other requirements of law are complied with; and (3) the court determines that all other available legal and equitable remedies . . . are inadequate." *Id.* § 11.404(b). A receiver appointed under the

Business Organizations Code has the same powers and duties as provided by other laws, and as specified by the court. *Id.* § 11.406 (West 2012).

Our interlocutory jurisdiction is controlled by the substance and function of an order, viewed in the context of the record, not the title or form of the order or the parties' characterization of the order. *In re Tex. Natural Resource Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding); *see Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) (rejecting the idea that matters of form control the nature of an order, and holding it is the "character and function" of an order that determines its classification for purposes of interlocutory appeal); *see also Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex. App.—San Antonio 1996, no writ); *Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 799 (Tex. App.—Houston [1st Dist.] 2011, no pet.). "A trial court cannot defeat an interlocutory appeal merely by the label it attaches to the interlocutory order; it is the substance of the order which determines whether it is appealable." *Markel*, 938 S.W.2d at 78; *see* TEX. R. CIV. P. 71 (in determining nature of a pleading, court looks to the substance of the plea for relief); *see also Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (title may be considered but does not control over substance).

Even though the August 8, 2012 order is titled "Order Appointing Special Master" and consistently refers to Banales as a "Special Master" in defining his powers, it conflates the roles of master and receiver. The order contains different sections that authorize the Special Master to function as both master and receiver. The substance of the powers granted in section 5 fit within the "master" role, referring all pre-trial discovery matters to the Special Master and authorizing the Special Master to hold hearings, require the production of evidence, put witnesses under oath, and call the parties and witnesses to testify before the Master. The Master is further

required to submit his findings and recommendations to the trial court regarding any discovery motions before him. *See* TEX. R. CIV. P. 171; *see also In re Harris*, 315 S.W.3d at 704-05.

Section 4, on the other hand, authorizes the Special Master to take "possession and control" of Chapco's accounts receivable, revenues, and oil, gas and mineral leases, i.e., its income, and to determine and pay all of Chapco's reasonable and necessary business expenses—powers whose substance are in the nature of a receiver. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.031 (receiver's powers include taking charge and possession of the property at issue); *Kokernot*, 189 S.W. at 508 (receiver's role is focused on protection of the property involved in case). Section 4 further authorizes the Special Master to employ and pay agents, clerks, employees, and accountants, and to purchase materials, supplies, and services, as necessary to perform his duties; to pay all expenses incurred in the ordinary course of business; to make emergency payments or pay unforeseen operating expenses on behalf of Chapco upon notice to the interested parties; to make payments to royalty and other interest owners on any Chapco leases; and to prosecute causes of action, in his discretion, to recover property or money belonging to Chapco. These powers and duties function to protect Chapco's assets and to keep the business operating and viable despite the discord between the two owners and until the pending claims of illegal activity and shareholder oppression, etc. are resolved; this function falls within the role of a receiver. *See* TEX. BUS. ORGS. CODE ANN. § 11.404. Further, the power to bring suit on behalf of Chapco is particularly indicative of a receiver, as is the requirement of a bond and the payment of the receiver's fee from the property of the entity as provided in section 2 of the order. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 64.033, 64.023; TEX. BUS. ORGS. CODE ANN. § 11.408(a)(2) (West 2012).

Finally, during the July 11, 2012 hearing, the trial court expressed its concern on the record that the discord between the father and son was threatening Chapco's ability to continue

to do business, before ruling that, "I am going to go ahead and appoint a master . . . for the purpose of resolving any discovery issues, and also for receipt of monies to be placed in the registry of the Court from the ChapCo entities, and this will be for receipt of these monies and payment of bills that are for ChapCo and he will have to approve, obviously, those bills before they are paid . . . ." Section 4 of the written order thus enjoins Chapa, Jr. and Chapa, Sr. from receiving any rents, royalties or other monies due to Chapco, and directs them to turn over any such payments received by them to the Master, while preserving their ownership interests in the corporation. The record as a whole shows that the trial court was concerned with protecting the corporation's assets from the family discord that threatened to destroy Chapco as an on-going business, and by placing the entity's revenues and expenses under control of the Master in section 4 of the order, the court sought to "conserve the property and business of the . . . entity and avoid damage to interested parties." *See* TEX. BUS. ORGS. CODE ANN. § 11.404(b).

Considering the substance and function of section 4 in the context of the record, we construe that portion of the order as appointing a receiver over Chapco's assets and business. *See Lopez*, 845 S.W.2d at 809; *Security Trust*, 180 S.W.2d at 158; *see also* TEX. BUS. ORGS. CODE ANN. § 11.404. Therefore, we have jurisdiction over this appeal challenging that portion of the August 8, 2012 order. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1).

### *Review of Section 4 Appointing a Receiver*

We will uphold a trial court's interlocutory order appointing a receiver unless the court clearly abused its discretion. *Benefield*, 266 S.W.3d at 31. A court abuses its discretion when it rules arbitrarily, unreasonably, without regard for guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). An appellate court's review of an order appointing a receiver focuses on whether the pleadings and evidence are sufficient to justify a receivership. *Benefield*, 266 S.W.3d at 31; *Genssler v. Harris County*, No. 01-10-

00593-CV, 2010 WL 3928550, at *4 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, no pet.). As noted, supra, appointment of a receiver is not justified if another remedy exists at law or in equity. *Benefield*, 266 S.W.3d at 31.

Here, there is no evidence in the record, whether in the form of testimony, affidavits, documents, or other evidence, to support the findings necessary for appointment of a receiver for Chapco. The record shows the trial court based its order solely on arguments of counsel, and received no evidence in any form before entering its August 8, 2012 order. As an extraordinary remedy, appointment of a receiver must be based on evidence showing an immediate risk of harm, and that there is no other lesser remedy at law or in equity. TEX. BUS. ORGS. CODE ANN. § 11.404(b). When there is no evidence to support the need for a receiver, the court abuses its discretion. *Benefield*, 266 S.W.3d at 31. Here, there is no evidence in the record to support a finding on any of the grounds for a receiver pled by Chapa, Jr. *See* TEX. BUS. ORGS. CODE ANN. § 11.404(a)(1). Therefore, the trial court abused its discretion in appointing a receiver over Chapco in section 4 of the order. *See Genssler*, 2010 WL 3928550, at *5-6 (holding court abused its discretion in appointing receiver over individual's personal assets where there was no evidence that individual used business entity as alter ego). Accordingly, we vacate section 4 of the order.

## CONCLUSION

Based on the foregoing reasons, we vacate section 4 of the trial court's August 8, 2012 order. In all other respects, the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice