FLOORE et al. v. MORGAN et al. (No. 8190.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 27, 1915. Rehearing Denied April 3, 1915.)

1. CORPORATIONS ☞553 — RECEIVERSHIP — EQUITABLE GROUNDS.

To show grounds for receivership of a corporation, equities must appear in behalf of complainant which require that relief independent of a showing of insolvency.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. ☞553.]

2. CORPORATIONS ☞557—DISSOLUTION—NOTICE OF APPLICATION.

A corporation having joined a plaintiff in a suit for dissolution, its statutory right, under Vernon's Sayles: Ann. Civ. St. 1914, art. 1203, to be served within 10 days' notice of the application, is waived.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. ☞557.]

3. APPEAL AND ERROR ☞920—REVIEW—PRESUMPTIONS.

In construing an order appealed from, every reasonable presumption must be indulged in its support.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3714–3721; Dec. Dig. ☞920.]

4. MORTGAGES ☞338—FORECLOSURE SALE—INJUNCTION.

An unpropitious market is not sufficient ground for enjoining a foreclosure sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1026–1035; Dec. Dig. ☞338.]

5. CORPORATIONS ☞556 — APPLICATION FOR RECEIVER.

The prohibition in Vernon's Sayles' Ann. Civ. St. 1914, art. 2154, of application by a corporation for a receiver applies to its directors acting in its behalf.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2219–2226; Dec. Dig. ☞556.]

6. CORPORATIONS ☞553 — RECEIVERSHIP — EQUITABLE GROUNDS.

That defendants in a suit for receivership would collect attorney's fees and trustee's fees provided for in notes and trust deeds of corporate property, alleged to be unreasonable, is not an equitable ground for a receivership.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. ☞553.]

7. CORPORATIONS ☞481, 557—RECEIVERSHIP—INJUNCTION AGAINST FORECLOSURE.

In a suit for receivership of a corporation, and for an injunction against a sale on foreclosure of a first lien against its property, an allegation that it would not sell for its full value by reason of uncertainty of title due to other claims, unpaid judgments, and suits against it, is insufficient for appointment of a receiver, or for the injunction, because the facts on which the conclusion is based would not affect the bid of any reasonable buyer.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1876, 2227, 2228, 2230–2236; Dec. Dig. ☞481, 557.]

8. PLEADING ☞8—CONCLUSION OF PLEADER—FORECLOSURE SALE—INJUNCTION.

In a suit to enjoin a foreclosure sale, the mere conclusion of a pleader that the property would not bring its full value cannot be considered, in absence of facts alleged reasonably tending to support it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ☞8.]

9. CORPORATIONS ☞557—RECEIVER — PETITION.

It is an objection to a petition for the appointment of a receiver of a corporation that it does not show that the receiver could care for its property better than could be done by its officers as trustees, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 1206.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. ☞557.]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by A. M. Morgan and others against John W. Floore and another. From orders appointing a receiver and granting an injunction, defendants appeal. Reversed.

S. C. Padelford, of Cleburne, for appellants. Walker & Baker, of Cleburne, for appellees.

DUNKLIN, J. This suit was instituted on January 5, 1915, in the district court of Johnson county against John W. Floore and W. B. Harrell by A. M. Morgan, S. T. Shaw, Ira C. Morgan, and Brown Douglass, directors of the Cleburne Street Railway Company, and by A. M. Morgan individually, to enjoin the sale of the entire line of street railway owned by the said company, as well as the equipments used in operating the same.

It was alleged in the petition that the defendant John W. Floore was the owner of four certain promissory notes, the principals of which aggregated about $18,000, and secured by deeds of trust executed by the company, in which the defendant W. B. Harrell was named as trustee, and by the terms of which instruments the trustee was authorized, after giving notice as provided by the laws of the state of Texas, to sell the property covered by the deeds of trust, at public auction to the highest bidder at the courthouse in Johnson county. It was further alleged that the notes so held by the defendant Floore, together with interest accuring thereon, were past due, and that the trustee had advertised the property for sale in accordance with the terms of the deeds of trust. It was further alleged that unless restrained the trustee would, on January 5, 1915, the same day the suit was instituted, sell said property in accordance with the advertisement he had already made.

---

According to further allegations in the petition, plaintiffs A. M. and Ira C. Morgan, Shaw, and Douglass, and the defendant Floore are the duly elected, qualified, and acting directors of said corporation. The deeds of trust in favor of Floore had all been duly recorded and in addition to those deeds of trust the company had executed three other deeds of trust, covering the same property included in Floore's deeds of trust, one to secure the payment of a promissory note for $15,000 in favor of the National Bank of Commerce of Dallas, another to secure the payment of a note in the principal sum of $3,000 in favor of the same bank, and still another to secure the payment of a promissory note in the sum of $1,500 in favor of the plaintiff A. M. Morgan, all of which deeds of trust have been duly recorded in Johnson county, and all of the notes secured thereby were due and unpaid.

It was further alleged in the petition that the company was indebted to divers and sundry persons for supplies, material, and labor furnished in the operation of the railway in approximately $1,700; that the company was insolvent, and by reason of such insolvency had been, for several weeks, unable to operate its business, and that its properties were of the reasonable value of $35,000; that a financial depression now exists throughout the country on account of which it would be impossible to sell the property at the present time for even approximately its real value; that there are no prospective bidders for the property in the event of its sale as proposed by the defendants, and that in the event of such a sale, the creditors of the corporation other than the defendant Floore would receive nothing upon their claims against the company; that the plaintiff directors of the company are now negotiating with other persons for the sale of the properties, and if defendants were restrained from making the sale, said directors would be able, within 60 days to 90 days to find a purchaser at a price sufficient to liquidate all the debts of the corporation secured by liens and probably the unsecured debts as well; that the company also owes other debts, a list of which plaintiffs were unable to furnish, but that the total amount of all the debts owing by the company would be equal to the reasonable value of the property covered by the deeds of trust. It was further alleged that Floore had placed the notes held by him in the hands of an attorney for collection, and is demanding the payment of the attorney's fees provided for in the notes in the sum of $1,000, as well as a fee of $300 to the trustee also provided for in the deeds of trust, which fees were alleged to be unreasonable, but which would be collected and appropriated by the said Floore unless his proposed sale was enjoined.

It was further alleged that by reason of the insolvency of the company and its cessation of business its property had become a trust fund in the hands of its directors, and that the defendant Floore, one of the directors, had refused to join with the other directors in the institution of the suit. Plaintiff A. M. Morgan also prayed for a judgment for the amount of his debt, with foreclosure of his lien against the properties covered by the deed of trust in his favor, and in the concluding paragraph of the petition plaintiffs all prayed that the defendants be enjoined from selling the property under said deeds of trust, that a receiver be appointed, and that all the properties of the corporation be sold by the court and the proceeds thereof distributed among the creditors of the corporation according to their respective rights and equities. The petition also prayed for general relief.

On the same day the original petition was filed, to wit, January 5, 1915, the following order was made by the judge of the district court:

"On this 5th day of January, 1915, came on to be heard the application of the plaintiffs for a restraining order and for the appointment of a receiver; the defendants, after being duly notified, appeared in person and by attorney, and requested the court to continue the hearing on the application until Friday, January 8, 1915. It is therefore ordered that the hearing on the application be postponed until January 8, 1915, and that the defendants be, and they are, hereby ordered to refrain from selling the property of the Cleburne Street Railway Company under either of the deeds of trust until further order of this court.
"[Signed] O. L. Lockett, Judge."

On January 8, 1915, the defendants filed their original answer to the petition, consisting of a general denial and numerous special exceptions to the petition, and denying divers and sundry allegations of fact contained in the petition. On January 9, 1915, plaintiffs filed an amended petition, alleging, substantially, the same facts as contained in the original petition with the following addition: The Cleburne Street Railway Company was made a coplaintiff with the original plaintiffs. In the amended petition it was further alleged that plaintiff A. M. Morgan had guaranteed the payment of the indebtedness of the corporation to the National Bank of Commerce, aggregating the sum of $18,000, which he was unable to pay at the present time, although he owned property worth the amount of said indebtedness, which would be subject to the payment of said debts, and which would be lost to him in the event of the proposed sale by the defendants, by reason of the fact that the property covered by the defendant's deeds of trust would be sold at a sacrifice; that a suit is now pending against the company in which A. C. Barber, as plaintiff therein, is claiming an indebtedness against the company in the sum of $1,800, and a furnisher's lien upon a part of the property to secure the same, which he was seeking to foreclose; that two other judgments aggregating approximately $1,000 against the company were also outstanding and unpaid; that by reason of said suits and the numerous claims mentioned already, an uncertainty existed as to

the character of title that could be conveyed by the trustee under the proposed sale, and such uncertainty of title would cause the property to be sold for a sum less than could be realized by the sale of the same property, under orders of the court, after a receiver had been appointed. It was further alleged in the amended petition that plaintiffs A. M. and Ira C. Morgan, Shaw, and Douglass owned more than 25 per cent. of the stock of the corporation, and that they sue as such stockholders of the corporation. The amended petition concluded with a prayer for the injunction and the appointment of a receiver, as did the original petition. On January 9, 1915, the judge of the district court entered an order reciting that the original petition came on for hearing; that thereupon plaintiffs were given leave to file their first amended petition in lieu of their original petition to which the defendants excepted; that thereupon the amended petition and defendants' answer thereto were heard and considered, all parties appearing. After such recitals the following appears in the order:

"And after due consideration the court finds that the material allegations of the plaintiff's first amended original petition are true, and that a necessity exists for the appointment of a receiver as prayed for. This application is not granted at the request of the Cleburne Street Railway Company, but on the application of the other parties. It is therefore ordered, adjudged, and decreed by the court that C. H. Warren, a citizen of Cleburne, Johnson county, Tex., who is in every way qualified to act as such receiver, be and he is hereby appointed receiver of all the property of the Cleburne Street Railway Company, including its real and personal property, choses in action, franchises, and rights of every character, and his bond is hereby fixed in the sum of $2,500."

Then follows a direction to the receiver, as soon as he has qualified as such, to take possession of all the property of the company, and that as soon as possible file an inventory thereof, and that he take care of and preserve the property—

"and the parties to this suit are hereby commanded to surrender and place in the possession of said receiver all the property, rights, and franchises aforesaid, and that they and each of them, their agents and employés, are hereby enjoined from in any way interfering with the said C. H. Warren in executing the powers and duties hereby conferred upon him as such receiver."

The power to take care of and preserve the property was the only power conferred upon the receiver relative thereto. From that order the defendants have prosecuted this appeal.

Mr. High in his valuable work on Injunctions, after announcing the general rule to be that a court of equity will not interfere by injunction to prevent the foreclosure of a mortgage, in the absence of exceptional equities in behalf of the complainant (see 1 High on Injunctions, §§ 443, 444), in section 454 uses the following language:

"The fact that the time of the sale of lands under a trust deed is unpropitious, that money is scarce, and that, owing to the terms exacted, the sale will be attended with great, if not irreparable, loss to the owner of the property affords no ground for enjoining the sale. And in the absence of fraud or collusion on the part of the mortgagee, the mortgagor cannot enjoin a sale under a power, upon the ground that the sale would be unpropitious, or that it is to be made at an undervaluation."

In section 443 the same author further announces the general rule that one who seeks to enjoin the sale of property under a mortgage cannot have that relief in the absence of an offer to pay the debt secured. To the same effect see Powell v. Woodbury, 85 Vt. 504, 83 Atl. 542, Ann. Cas. 1914B, 606; Tooke v. Newman, 75 Ill. 215. No doubt some exceptional equities in behalf of the complainant may furnish an exception to that general rule.

By article 2154, Vernon's Sayles' Tex. Civ. Stat., the appointment of a receiver of property belonging to a corporation upon the application of the corporation itself is expressly prohibited. By article 1201, Vernon's Sayles' Tex. Civ. Stat., it is made unlawful for an insolvent corporation to do business within this state, and by article 1203, the right is given to the holders of 25 per cent. of the capital stock of an insolvent corporation to institute and prosecute a suit for the dissolution of the corporation, But it is expressly provided in that article that before any such petition is filed, leave therefor shall be first procured from the presiding judge of the court in which the proceeding is to be instituted, and, further, that any such corporation so proceeded against shall have 10 full days' notice prior to the day set for the hearing on the application for the appointment of a receiver. The article last mentioned does not expressly provide that the insolvency of a corporation shall be a ground for the appointment of a receiver, even in a suit by the stockholders for a dissolution thereof. Neither by that statute, nor by any other statute, is the mere insolvency of a corporation made a sufficient ground for the appointment of a receiver.

[1] It has been settled by numerous decisions of this state that in order to show a sufficient ground for the receivership, equities must appear in behalf of the complainant which require that relief, independent of a showing that the corporation is insolvent. Galvin v. McConnell, 53 Tex. Civ. App. 486, 117 S. W. 211; People's Investment Co. v. Crawford, 45 S. W. 738.

[2] The corporation itself having joined as a plaintiff in this suit, no doubt its statutory right to be served with 10 days' notice prior to the hearing of the application was waived. Ripy v. Redwater Lbr. Co., 48 Tex. Civ. App. 311, 106 S. W. 474.

[3] It will be noted that in the order appointing the receiver it is recited that such appointment was not made upon the application of the street car company, but upon the application of the other plaintiffs. It is also recited that the material allegations in the

plaintiffs' petition for the appointment of a receiver were found to be true. Just what allegations the court considered the material allegations does not appear, but in construing the order every reasonable presumption must be indulged to support the order,

[4, 5] As noted already, it is a well-settled rule that an unpropitious market for the sale of properties is no ground for enjoining the sale. The suit by the directors of the company was necessarily a suit in behalf of the company, and if the company itself is prohibited from suing for the appointment of a receiver, the same inhibition applies to the directors of the company acting in its behalf. The only other parties plaintiff to the suit were holders of 25 per cent. of the capital stock, and A. M. Morgan, the holder of an indebtedness against the corporation secured by a deed of trust.

[6] The allegation that in the event of the proposed sale by the trustees, defendants would collect the attorney's fees and trustee's fees provided for in the notes and deeds of trust, and which were alleged to be unreasonable, clearly is not an equitable ground for a receivership. Indeed, in the statement contained in appellees' brief of the grounds for the receivership relied on by them, that fact is not mentioned, thus indicating that they did not consider it material.

[7] The further allegation that, on account of the uncertainty of the title, the property would not sell for its full value does not constitute an equity, in behalf of any of the plaintiffs, sufficient for the appointment of a receiver, nor for the issuance of an injunction, because the facts upon which that conclusion is stated would not affect any reasonable buyer in the price he would bid for the property. According to the allegations in the petition the defendant Floore's liens are prior and superior to all other liens against the company alleged in plaintiffs' petition, and his deeds of trust were duly recorded, thus giving all subsequent creditors due notice thereof. The title of a purchaser from the trustee by sale under these instruments would be superior to all subsequent liens and claims, whether recorded or unrecorded, and such subsequent liens and claims would not even constitute a cloud upon the title of a purchaser at the sale proposed by the defendants. Ryburn v. Getzendaner, 1 Posey Unrep. Cas. 349; Spencer v. Rosenthall, 58 Tex. 4; Tex. L. & M. Co. v. Worsham, 5 Tex. Civ. App. 245, 23 S. W. 938. It must be presumed that any such purchaser would be properly advised of the title he would get should he purchase at such a sale.

[8] It is well settled that the mere conclusion of the pleader that the property would not bring its full value at such a sale cannot be given any effect, in the absence of facts alleged which would reasonably tend to support that conclusion. 1 High on Injunctions, § 444; High on Receivers, § 17,

[9] By article 1206, Vernon's Sayles' Tex. Civ. Stat., it is provided that upon the dissolution of any corporation, unless a receiver is appointed by some court of common jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts of the corporation, and to this end they are empowered in the name of the corporation to sell, convey, and transfer any property belonging to the company, to maintain and defend suits, and to exercise the same power and authority over the assets and property that the company itself could exercise. The only power given the receiver was to care for and preserve the property placed in his hands, and that was the only immediate power which plaintiffs sought to have given the receiver, the allegations in the petition even negativing any specification that the receiver could ever operate the property. Even if the company should be dissolved at the suit of the stockholders, there is no showing in the petition that a receiver could care for and preserve the property in a better manner than can be done by the officers of the company named in the statute as trustees.

We are of the opinion that it reasonably appears from plaintiffs' amended petition, read in the light of the original petition, that the injunction sought and granted was the principal purpose of the suit. But whether we are correct in this conclusion or not, for the reasons noted, the allegations contained in the plaintiffs' petition, taken as true, furnish no sufficient reasons for the appointment of a receiver, nor for the issuance of a writ of injunction. Accordingly, the order appointing a receiver and the order granting the injunction against the defendants are vacated, and this order will be certified to the trial court for observance.