### COMMONWEALTH BANK & TRUST CO. et al. v. MacDONELL.

### No. 8917.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1932.

L. B. Wiseman and De Witt Murray, both of Floresville, and Henry, Bickett & Bickett, of San Antonio, for appellants.

L. H. Doty, of Laredo, for appellee.

SMITH, J.

It is conceded that Albert Urbahn is indebted to the Commonwealth Bank & Trust Company in the principal sum of $45,000, evidenced by his promissory note and secured by a concededly valid deed of trust lien upon a tract of 5,314 acres of land in Webb county, alleged to be of the value of $186,000.

The note matured on August 15, 1930, and Urbahn defaulted thereon. In pursuance of concededly lawful provisions of the deed of trust, the trustee in February, 1932, advertised the land for public sale to satisfy the debt secured.

Pending the advertised sale, appellee, Mary MacDonell, brought this action and prayed that all of Urbahn's large estate, including the land here involved, be placed in the hands of a receiver, and that the advertised sale of the land be enjoined. The trial court upon an ex parte hearing in vacation, and without notice, granted both remedies prayed for, appointed a receiver upon a $10,000 bond, and granted the injunction without requiring any bond.

Appellee alleged that Urbahn owes her unsecured notes for the aggregate sum of $54,000, and other parties unsecured notes for the aggregate sum of $69,000; that he owes secured notes, including that of appellant, in the aggregate amount of $257,000; that he owns lands (including that upon which appellant has its lien) and growing crops of the aggregate value of $716.000.

As grounds upon which the extraordinary remedies were granted, appellee alleged, in effect, simply that the country is in the midst of a financial depression, and that if appellant is permitted to pursue its admittedly valid remedy of foreclosure the land involved will not bring a price in excess of appellant's secured claim and "the equity" will be wiped out of the property; that if the sale is delayed until after the crops thereon are marketed it will bring enough to more than pay off appellant's debt; and, further, as stated in appellant's brief: "That, 'owing to the conditions existing throughout the country no money is available and if the deed of trust aforesaid is foreclosed on said property this plaintiff who is an unsecured creditor and all other unsecured creditors will lose their debts and suffer irreparable injury'; that such trustee's sale will destroy the only revenue of Urbahn, from which he can pay interest on other secured debts, and other secured creditors will foreclose their liens; that Urbahn 'is unable to raise any money at this time to pay his unsecured debts or interest on his secured debts'; that 'it is not a question of solvency or insolvency of the defendant, Urbahn, but a question of the unsecured creditors being protected out of all equities belonging to the said defendant, Urbahn'; that, if a receiver is appointed and said proposed trustee's sale is enjoined, 'the receiver can, from the crops and other properties, work out the indebtedness due by the defendant, Urbahn, both secured and unsecured and pay all in full'; that it is to the interest of both secured and unsecured creditors to have a receiver appointed and to have said trustee's sale enjoined; that Urbahn is in a nervous condition brought on by the depression that exists all over the United States and is unable to give proper attention to his properties; that the livestock, implements, and crop of Urbahn need attention, and Urbahn is without funds to conduct to a successful end the farming interest and to look after the live stock; that to permit said trustee's sale to be made is the first step in the destruction of the property rights of Urbahn and of plaintiff and of all other unsecured creditors; that the sale of said tract under said deed of trust will influence other lien creditors to foreclose their liens and thus destroy all the assets of Urbahn to such an extent as to destroy the claims of this plaintiff and all other unsecured creditors."

As stated, it is conceded, in fact alleged, in appellee's petition, that appellant's debt is a valid obligation owing to it by Urbahn; that it is legally secured by the admittedly valid deed of trust lien; that appellant is fully entitled in law to foreclose thereon at this time and in the manner undertaken; that appellee has no lien upon or interest in the land.

The sole ground alleged by appellee for the relief sought is that by postponing the proposed sale until times are better and the sale price of the security is enhanced to normal levels, the security may bring enough to satisfy appellee's unsecured claim as well as appellant's secured claim.

It is true as a matter of course that these facts afford no ground whatever for the appointment of a receiver of the incumbered security, or to enjoin a proper sale thereof in satisfaction of a valid lien thereon. Carter v. Hightower, .79 Tex. 135, 15 S. W. 223; Kokernot v. Roos (Tex. Civ. App.) 189 S. W. 505; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Boone v. Bank, 17 Tex. Civ. App. 365, 43 S. W. 594, 595; Tunnell v. Johnson (Tex. Civ. App.) 209 S. W. 451; Waples-Platter Co. v. Mitchell, 12 Tex. Civ.

App. 90, 35 S. W. 200, 202; Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789.

The judgment will be reversed, and judgment here rendered that appellee take nothing by reason of her suit against appellant, and that appellant be discharged with all costs incurred by or in its behalf in this court and the court below. It is further ordered that the injunction be dissolved and the application therefor dismissed; that the receivership be vacated in so far as the same relates to or affects appellant or the property covered by its aforesaid deed of trust lien; that all costs of this proceeding in this court as well as in the court below, including costs and fees of the receiver, be taxed against appellee.

Reversed and rendered.

FLY, C. J., entered his disqualification, not sitting.