## MORRIS et al. v. THOMPSON.

### No. 1218.

Court of Civil Appeals of Texas. Eastland. June 20, 1933.

W. Marcus Weatherred, of Coleman, for appellants.

Thompson & Barwise, of Fort Worth, for appellee.

HICKMAN, Chief Justice.

Appellee, George Thompson, Jr., as independent executor of the estate of Mrs. M. M. Cook, deceased, instituted this suit against C. A. Morris, Press D. Morris, and John K. Buie, as members of the partnership firm of Morris & Buie, upon certain promissory notes and for the foreclosure of a deed of trust lien upon real estate securing a portion of the alleged indebtedness. A receiver was prayed for, as well as an injunction against creditors, restraining the sale of the lands covered by appellee's lien. The lands had theretofore been advertised for sale by T. J. Allen, substitute trustee, under a deed of trust to secure notes owing to J. P. Morris, such sale being advertised for June 6, 1933. The petition of appellee was presented to the trial judge on June 5, 1933, one day before the advertised day of sale under the Morris deed of trust, and the judge, without notice or hearing, indorsed his fiat thereon, appointing Thomas L. Blanton, Jr., as receiver of the property described in the petition, defining his powers, and also enjoining and restraining all creditors of the defendants from advertising for sale or selling under deed of trust, or otherwise, the aforesaid property, or any part thereof, during the pendency of the proceedings. The appointment of the receiver was conditioned upon his giving a good and sufficient bond, to be approved by the district clerk of Shackelford county, in the sum

of $5,000, and upon his taking the oath required by law. The appeal is directly from the order appointing the receiver and granting the injunction. The cause was advanced in this court on motion of appellants, and has been regularly submitted.

Since the appeal brings into question the sufficiency of the petition filed by appellee to justify the appointment of the receiver and the granting of the injunction, it becomes necessary to epitomize that petition. Appellee alleged his capacity to sue as independent executor of the estate of Mrs. M. M. Cook, deceased. In his introductory paragraph he complained only of C. A. Morris, Press D. Morris, and John K. Buie and the partnership of Morris & Buie, composed of the three named defendants. He duly alleged the execution by the named defendants to Mrs. Cook of a number of promissory notes, one of which, being in the principal sum of $50,000, was secured by a deed of trust lien upon twenty-four tracts of land described in the petition, aggregating more than 12,000 acres. The other notes declared upon were not secured by a lien upon this property. The petition appears to be sufficient as the basis for a personal judgment against the named defendants, but we are concerned only with the allegations thereof designed to show appellee's right to a receiver and an injunction. These allegations were, in substance, as follows:

That J. P. Morris was the owner of a valid first lien upon the described land to secure him in the payment of certain described notes aggregating $130,218.09; that delinquent taxes amounting to $2,457.95 were owing against the land; that the indebtedness of Morris was secured by a deed of trust lien; that T. J. Allen, as substitute trustee under said deed of trust, had advertised said land for sale on Tuesday, June 6, 1933, at the courthouse door in Shackelford county; that notice of such sale had been given on May 2, 1933; and that such sale would be made unless a receiver was appointed or "unless the said J. P. Morris and T. J. Allen are enjoined as hereinafter prayed." The petition specifically alleged the value of the mortgaged property to be $9 per acre, or an aggregate of $112,453.20, more than $20,000 less than the alleged amount of the prior liens against same. The grounds for the appointment of a receiver and the granting of the injunction, notwithstanding the allegation that the value of the property was much less than the first lien of Morris, were alleged as follows:

"In this connection plaintiff further alleges that although the value of the aforesaid property at the present time is less than the amount of the indebtedness secured by the first deed of trust lien, and although the said property if sold on June 6, 1933, at Trustee's Sale and under the conditions existing and which will exist at the time of the said sale, and in the absence of any competitive bids, will not realize a sufficient amount to pay the first lien indebtedness, nevertheless that if the said property should be sold by a receiver appointed by the court, after notice and after receiving competitive bids, and upon such terms and conditions as the court might prescribe, having in mind the interest not only of the holder of the first lien indebtedness, but the interest of plaintiff and the unsecured creditors, particularly in view of the fact that prices generally are increasing and that there will be a greater demand for real estate in general, this property, in particular, then plaintiff avers that enough may be realized, and in all likelihood will be realized to pay the first lien indebtedness of the said J. P. Morris and leave a balance available to plaintiff as the owner and holder of the second lien indebtedness."

We have given this record advanced consideration and are of the opinion that same should be disposed of without delay. There are many assignments in appellants' brief, but we shall not take the time to consider them separately or write upon the different questions presented. The appeal should be disposed of promptly and time should not be taken to prepare an exhaustive opinion.

■ Preliminarily we are called upon to dispose of a motion by appellee to dismiss the appeals of J. P. Morris and T. J. Allen. These two named parties joined with the defendants C. A. Morris, Press D. Morris, and John K. Buie in the appeal bond, but it is urged by the appellee that, under the authority of Southern Surety Company v. Arter (Tex. Com. App.) 44 S.W.(2d) 913, and Allied Drug Products Co. v. Seale. (Tex. Com. App.) 49 S.W.(2d) 704, Morris and Allen were not authorized to prosecute an appeal, because they were not parties to the suit below. With this contention we cannot agree. It is true that these persons were not named in the introductory paragraph or in the prayer, but it is very evident from a reading of the petition and a consideration of the nature of the relief sought that they were in truth the main defendants in the action. The petition alleged that the partnership of Morris & Buie was wholly insolvent and had no other property except the lands therein described. Had the injunction not been granted restraining the sale advertised to take place on the day following, the entire property would have been sold and there would have remained nothing for the receiver to administer. The body of the petition named J. P. Morris and the substitute trustee T. J. Allen, alleged the indebtedness owing to said Morris, and the facts with reference to the contemplated sale, and specifically alleged that such sale would be made "unless said J. P. Morris and T. J. Allen are enjoined as hereinafter prayed." In the prayer injunction was sought against

"all creditors," restraining them from "advertising for sale or selling under deed of trust or otherwise" the property or any part thereof during the pendency of the proceedings. The only creditor whose lien was alleged was J. P. Morris and the only threatened sale mentioned was that advertised by him through T. J. Allen to take place on the day following that on which the petition was presented to the trial judge. Undoubtedly, had said Morris and Allen proceeded to make the sale as advertised on June 6, 1933, they would have been in contempt of court and no title would have passed to the purchaser at such sale. This is an equitable proceeding, and the substance rather than the form of the petition should be regarded. It would be a strained interpretation of this petition to hold that Morris and Allen were not parties to the suit below. Their right to appeal should not be cut off by an omission of their names from the introduction and the prayer of the petition. They were specifically named in the body and were included in the class named in the prayer. This, we hold, constituted them parties to this suit and entitled them to prosecute an appeal to this court.

However, should we be mistaken in this conclusion, the question becomes unimportant in that C. A. Morris, Press D. Morris, and John K. Buie have appealed. For reasons hereinafter stated, the receivership should be vacated. No bond for injunction was required or given. The vacating of the receivership therefore automatically dissolves the injunction, and all the relief herein granted to any party would have been granted had J. P. Morris and T. J. Allen not executed the appeal bond as principals. Under this view the question of whether or not J. P. Morris and T. J. Allen were entitled to prosecute the appeal is not controlling.

The petition showed no right in appellee for the appointment of a receiver. It negatived the fact that appellee had any certain rights to be protected by the court, and receivers will not be appointed at the instance of one whose rights are doubtful, speculative, or uncertain. The allegation that the property was worth much less than the amount of the indebtedness owing to J. P. Morris and for taxes negatived appellee's right to the relief sought. At most appellee expressed only the hope that such a change might be wrought in the economic conditions as that the land 'at some future time might be sold by the receiver upon competitive bids "and upon such terms and conditions as the court might prescribe" at such a price as to leave something available for application upon his debt. Admittedly, if the market does not become much more propitious in the future, appellee will not profit at all by the receivership. There exists no rule of law or equity which would require a first lienholder whose indebtedness exceeds the value of the security to surrender his contractual rights of foreclosure and sale under powers contained in his deed of trust merely to determine whether or not the hope of a junior lienholder of a more propitious market is justified. Contractual rights do not rest on such an unstable and insecure foundation. Floore v. Morgan (Tex. Civ. App.) 175 S. W. 737; Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409.

It is our order that the receivership be vacated and the injunction dissolved.