LINCOLN NAT. LIFE INS. CO. et al. v. FREUDENSTEIN et al.

No. 9865.

Court of Civil Appeals of Texas. San Antonio.

Oct. 16, 1935.

Joseph D. Frank and John H. Bickett, Jr., both of Dallas, and Henry, Bickett & Bickett, of San Antonio, for appellants.

H. L. Yates, E. T. Yates, and C. K. Richards, all of Brownsville, for appellees.

BOBBITT, Justice.

It is conceded by all parties that C. P. Barreda is indebted to appellant the Lincoln National Life Insurance Company, for a large sum of borrowed money, and that the debt, now long past due, is secured by a valid deed of trust creating a first lien upon certain real property owned by Barreda. After the debt matured the trustee under the deed of trust advertised the security for sale in May, 1935, but, at Barreda's request, called off the proposed sale in order that Barreda might have further time and opportunity to try to meet his obligations. Upon further default, however, the trustee again advertised the property for sale on July 2, 1935.

At this juncture one Ben Freudenstein, as receiver of Merchants National Bank of Brownsville, Tex., another creditor of Barreda, brought this action to restrain the proposed sale, and for the appointment of a receiver of all of Barreda's large properties, including the land covered by appellant's lien. The trial court granted the relief prayed for by Freudenstein, restrained the sale under appellant's deed of trust, and appointed a receiver as prayed for, but directed that the receivership be superseded pending this appeal, which is prosecuted by the insurance company and the trustee under the said deed of trust.

The injunction and receivership were sought and granted upon Freudenstein's allegations, in effect, that Barreda owns properties valued in excess of $2,000,000; that his outstanding debts exceed $1,000,-000, some of which were secured and the remainder unsecured; that Freudenstein holds Barreda's obligation for $97,-000, 40 per cent. of which is secured, and 60 per cent. unsecured; that under "normal conditions" Barreda's properties would be worth much more than the amount of his debts, whereas, under "present economic conditions," known to all

men, those properties cannot be disposed of for amounts sufficient to pay his debts; that if appellant proceeds now with the sale of its security it would thereby be enabled to take the mortgaged property for its debt, and the alleged excess value of, or the equity in, the property wholly lost to Barreda's other creditors, who, without adequate remedy at law, would thereby suffer irreparable injury; that the pleader believes that if given a "reasonable time" and a proper receiver that sales of the properties owned by Barreda could be made to such an extent as to relieve the pressing demands of the various creditors of Barreda; and that it was further believed that said receiver could "eventually pay off and satisfy all of the indebtedness of Barreda, but that such result could be accomplished only through the intervention of the court and the preservation of the properties against loss through untimely forced sale."

Other creditors of Barreda intervened, set up various claims against him, and in substance and effect adopted the same character of action set up by Freudenstein. All joined in the prayer for injunction and receivership. All conceded the validity of appellant's debt and lien, as well as its present right of foreclosure upon the property covered by its deed of trust. None claimed any lien or other right in the land covered by appellant's lien, and advertised for sale by the trustee, which could affect its right of foreclosure. All depend for relief solely upon the allegations and theory that, because of the current economic depression, their hopes of payment and remedies will be curtailed by enforcement of appellant's wholly independent right and concededly valid and fully ripened remedies.

There is no contention by any of the parties to this proceeding that either of the appellants has been guilty of any act or omission, concerning the transaction in question or the attempted foreclosure proceedings, that is not authorized by the express written contract between the borrower, Barreda, and the lender, the Lincoln National Life Insurance Company; or in contravention of any law governing their actions thereunder.

It is clear, therefore, that this action was brought, as the pleadings of appellees, above quoted in part, plainly and frankly state, to prevent the sale of the property under mortgage to the insurance company, and to secure additional time, through which appellees "hope and expect" to be able to arrange loans, make sales through the receiver, and otherwise try to protect the other creditors, secured and unsecured, of Barreda.

■ This court is fully cognizant of the existence and effect of "hard times" and depressions, which have visited the people of the state and the nation from time to time. It is unfortunate that appellees herein, and perhaps appellants, as well as a majority of our citizens, are now experiencing difficulties and hardships which all of us wish could be avoided. Such unfortunate and recurring conditions, however, do not justify a departure by the courts from the plain letter and spirit of the laws of the land, nor authorize a deviation from the sound and well-established principles of equity. Temporary economic and financial conditions, however serious, should never lead us to abandon or impair those wholesome, just, and fundamental principles of contractual rights relating to property, its ownership and use, which have been established through generations, secured by our organic laws, and safeguarded in past years through appropriate legislative acts and fair and fearless judicial constructions. It may not be amiss to remind ourselves of these fundamentals, and with a wise old philosopher of other days, determine that to preserve these principles—
"Makes us rather bear those ills we have Than fly to others we know not of."

It is undisputed that, in the exercise of their lawful right and privilege of contract, Barreda and the Lincoln National Life Insurance Company made the definite agreement evidenced by the deed of trust in question, duly executed the same in accordance with law, and their respective rights and obligations are fixed thereby. As stated, it is frankly conceded and in effect alleged in appellees' pleadings that the appellant's debt is a valid obligation due it by Barreda; that it is legally secured by an admittedly valid deed of trust lien; that appellant is fully entitled in law, under the power of sale contained in the instrument, to foreclose on the property described therein at this time and in the manner and form undertaken; unless, and as asserted by appellees, they are entitled to defeat such action upon the equitable grounds alleged by them. We have not been cited to any authority by appellees, nor have we been able to find any, which authorizes an unsecured creditor or

even an inferior lienholder to defeat the right of a party to a valid written contract, giving him a valid first lien against specific property thereunder, to the rights and remedies therein set forth, when such superior lienholder is simply undertaking to exercise the lawful powers given to him in the instrument, and has been guilty of no wrongdoing in connection with the property or its management.

■ On the other hand, the authorities are numerous, clear, and definite to the effect that an unsecured creditor, a simple contract creditor, or other inferior lienholder has no lawful power to hinder or defeat the rights of a first valid lienholder to proceed in the simple exercise of the powers expressly granted to him under and by virtue of a valid deed of trust lien covering specific property, in the absence of any claim or showing that such first lienholder is guilty of any wrongdoing in respect to such property or to any other creditor who might claim an interest therein. Houston Ice & Brewing Co. v. Clint (Tex.Civ.App.) 159 S.W. 409; Morris v. Thompson (Tex.Civ.App.) 61 S.W. (2d) 523, 525; Floore v. Morgan (Tex.Civ. App.) 175 S.W. 737; Commonwealth Bank & Trust Co. v. MacDonell (Tex. Civ.App.) 49 S.W.(2d) 525, and authorities there cited.

■ The contentions made by appellees that the alleged and supposed equity in the specific property under mortgage to the said Lincoln National Life Insurance Company, over and above the debt admitted to be due appellants under the first lien, entitles them to the relief provided for under the terms of subdivision 1 of article 2293, R. S. 1925, under the facts alleged, and on the theory that they have such a "probable right and interest in the property" as to authorize and justify the appointment of the receiver herein, cannot be sustained. Furthermore, the propositions asserted by appellees, that under the facts alleged by them and under the findings and conclusions contained in the order of the trial court they are entitled to the protection and relief provided by subdivision 4 of said article 2293, "in all other cases where receivers have heretofore been appointed by the usages of the court of equity," must be overruled.

We are not apprised of any rule of law or equity that requires the owner and holder of a valid first lien on specific property in this state to surrender his contractual rights to foreclose and sell the property under powers contained in his deed of trust, while he is in process of trying to exercise such rights, simply because another, or other unsecured creditors or inferior lienholders allege that if he is deprived of such right to foreclose or delayed for an indefinite period of time in the exercise thereof, the property to be sold might increase in value. As stated by Justice Hickman in the case of Morris v. Thompson, supra, "contractual rights do not rest on such an unstable and insecure foundation."

The fact that appellees assert different claims and different liens against the mortgaged property, or the fact that they have liens against other distinct properties owned by the same debtor which have no connection with the property upon which appellants hold the first lien, or the further fact that they may be entitled, as to such other property, to a receiver or other remedies against the same debtor, can have no bearing or effect upon the lawful rights of a first and valid lienholder to proceed with exercise of his superior rights, as the appellants have undertaken to do in the instant case. Unsecured creditors and inferior lienholders, in an effort to better their own condition through such procedure as here attempted, have no right to deprive a first and valid lienholder of his legal rights and remedies.

It is our opinion, and we hold, that none of the petitions filed by any of the appellees herein authorized or justify the appointment of a receiver or the injunctive relief granted by the order of the court, in so far as the specific property described in the deed of trust held by appellants is concerned, and that appellants are entitled to the relief from such order which they seek in this court. Article 2293, R. S. 1925; Commonwealth Bank & Trust Co. v. MacDonell, supra; Continental Trust Co. v. Brown (Tex.Civ.App.) 179 S.W. 939; Houston Ice & Brewing Co. v. Clint, supra; Kokernot v. Roos (Tex.Civ.App.) 189 S.W. 505; Lubbock Independent School Dist. v. Lubbock Hotel Co. (Tex. Civ.App.) 62 S.W.(2d) 274; 36 Tex.Jur. pp. 27, 84–86; 24 Tex.Jur. pp. 19, 20; Carter v. Hightower, 79 Tex. 135, 15 S.W. 223; Fidelity Union Fire Ins. Co. v. Cain (Tex.Civ.App.) 28 S.W.(2d) 833; Floore v. Morgan, supra; Gulf Nat. Bank v. Bass (Tex.Civ.App.) 177 S.W. 1019; Morris v. Thompson, supra; Scarborough v. Connell (Tex.Civ.App.) 84 S.W.(2d)

734; 36 Tex.Jur. pp. 52–54; Cahn v. Johnson, 12 Tex.Civ.App. 304, 33 S.W. 1000.

In view of our holding that the court below was without authority to appoint the receiver or to grant the injunctive relief obtained through the judgment and order entered herein, in so far as the specific property described in the deed of trust held by appellants is concerned, it is unnecessary for us to discuss the other questions and propositions raised in this appeal. Only appellant the Lincoln National Life Insurance Company and its trustee, Vittrup, complain of the action of the trial court, and only the specific property covered by the deed of trust executed to them by C. P. Barreda is involved herein, in so far as the orders of this court are concerned.

The judgment of the trial court will be reversed, and judgment here rendered that appellees take nothing by reason of their suit against appellants, and that appellants be discharged with all costs incurred by or in their behalf in this court and in the court below. It is further ordered that the injunction be dissolved, and the application therefor be dismissed; that the receivership be vacated, in so far as the same in any way relates to or affects the appellants, or the property covered by their aforesaid deed of trust lien; that all costs of this proceeding in this court, as well as in the court below, including costs and fees of the receiver, if any, be taxed against the appellees.

Reversed and rendered.