## JOHN HANCOCK MUT. LIFE INS. CO. et al. v. BALDWIN.

### No. 10245.

Court of Civil Appeals of Texas.
San Antonio.

July 14, 1937.

Henry, Bickett & Bickett, of San Antonio, for appellants.

T. S. Cyrus, of Corpus Christi, for appellee.

SLATTON, Justice.

This suit was filed by Paul Baldwin, appellee, in the 117th district court of Nueces county, on June 1, 1937. The appellee alleged that he and his brother, Harvey Baldwin, had theretofore recovered a judgment in the district court of Nueces county in the sum of $19,130.20, together with a foreclosure of a lien upon a tract of 344.89 acres of land in Nueces county, Tex.; that, under such judgment, the real estate was ordered to be sold on or before October 1, 1937; that appellee. as one of the owners of said judgment lien, believed the land to be reasonably worth $100 per acre; that there was an equity remaining in said land over and above the amount claimed by appellant under its deed of trust lien; that preparations were being made to sell such land at around $100 per acre, and, if appellant sold said land, under the deed of trust, that appellee would lose his equity in the land; that notices had been prepared by the substitute trustee, at the request of appellant, for the land to be sold on the 1st day of June, 1937; and prayed for a temporary injunction restraining the sale. The appellee pleaded that appellant had a first lien upon the land secured by a deed of trust and made no attack thereon.

At an ex parte hearing, without notice to appellants, the trial court issued its temporary writ of injunction restraining the sale of such land under the deed of trust by the substitute trustee. The appellants duly perfected their appeal to this court for review.

In the case of Kokernot v. Roos, 189 S.W. 505, 508, the then Chief Justice, speaking for this court, said: "H. L. Kokernot has a first lien on the property to secure a debt whose validity is not attacked, and it is an injury to him to have his sale of the property prevented and the collection of his debt indefinitely postponed in order that the market in real estate in Texas may readjust itself and land become more valuable. Stripped of all superfluities, that is the sum and substance of the action."

We have the identical situation in the case at bar, wherein appellee alleges that he and his brother own a valid judgment lien against the land involved in this suit, which is inferior to that of the deed of trust lien held by the appellant, under which the land was to be sold on the sale's day in June, 1937.

It has frequently been held that under these facts it was error for a trial court to enjoin the sale under the first deed of trust lien.

In the case of Commonwealth Bank & Trust Company v. MacDonell (Tex.Civ. App.) 49 S.W.(2d) 525, 526, under facts similar to the case at bar, the court said: "It is true as a matter of course that these facts afford no ground whatever for the appointment of a receiver of the incumbered security, or to enjoin a proper sale thereof in satisfaction of a valid lien thereon."

And, again, this court in the case of Lincoln National Life Insurance Company v. Freudenstein, 87 S.W.(2d) 810, 812, speaking through Associate Justice Bobbitt, said: "'On the other hand, the authorities are numerous, clear, and definite to the effect that an unsecured creditor, a simple contract creditor, or other inferior lienholder has no lawful power to hinder or defeat the rights of a first valid lienholder to proceed in the simple exercise of the powers expressly granted to him under and by virtue of a valid deed of trust lien covering specific property, in the absence of any claim or showing that such first lienholder is guilty of any wrongdoing in respect to such property of to any other creditor who might claim an interest therein"—citing authorities.

And, further, the court said: "We are not apprised of any rule of law or equity that requires the owner and holder of a valid first lien on specific property in this state to surrender his contractual rights to foreclose and sell the property under powers contained in his deed of trust, while he is in process of trying to exercise such rights, simply because another, or other unsecured creditors or inferior lienholders allege that if he is deprived of such right to foreclose or delayed for an indefinite period of time in the exercise thereof, the property to be sold might increase in value. As stated by Justice Hickman in the case of Morris v. Thompson [(Tex.Civ.App.) 61 S.W.(2d) 523],

supra, 'contractual rights do not rest on such an unstable and insecure foundation.' "

These authorities demonstrate clearly that appellee, in his pleadings, did not state a cause of action which entitled him to the relief granted by the trial court. Moreover, it is a cardinal principle of our jurisprudence that litigants have a right to be heard, and in pursuance of this principle trial courts should be reluctant to grant temporary injunctions without a hearing. Other remedies are amply provided, in our jurisprudence, to protect rights of litigants.

From what we have said, it follows that the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing by reason of his suit against appellants, and that appellants be discharged with all costs incurred in the court below and in this court. It is further ordered that the temporary injunction be dissolved and the application therefor be dismissed.