

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 10, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-948

Re: Is special $1.00 fee
assessed against each
delinquent tax receipt
by S.B. 414 applicable
to 1971 receipts issued
for the period beginning
February 1, 1972, and
ending June 30, 1972?

Dear Sir:

We have received your request for an official opinion, which reads as follows:

> "The collection of the 1971 State and County Ad Valorem Taxes listed on the 1971 tax rolls legally begins on October 1, 1971. A current tax receipt is issued to the taxpayer if the tax is paid during the nine months period beginning October 1, 1971 and ending June 30, 1972. A penalty is invoked at February 1, 1972, on unpaid taxes.

> "On July 1, 1972, all unpaid 1971 Ad Valorem Taxes are listed on delinquent tax rolls and from that date forward, the current tax receipt is no longer issued. In its place a redemption certificate is issued to cover delinquent tax payments on real property and insolvent receipts in cases of delinquent payments on personal property.

> "Section 4 of Senate Bill No. 414, passed by the 62nd Legislature, levies a special fee of one dollar ($1.00) on each delinquent tax receipt. Please advise me if this fee is applicable to current 1971 receipts issued during the five months period beginning February 1, 1972, and ending June 30, 1972."

Senate Bill No. 414, enacted by the 62nd Legislature (amending Article 7100, V.C.S.) became effective ninety (90)

-4639-

days from date of adjournment, the effective day being August 30, 1971. This Bill creates and establishes a Legislative Property Tax Committee for the general purpose of making inquiry into the process of ad valorem taxation in Texas and provides a special fee of one ($1.00) dollar to be collected by each County Tax Assessor-Collector for each delinquent tax receipt, redemption certificate, judgment receipt, and certain other receipts issued for taxes paid, in addition to the fees otherwise provided by law for such services, which are to be remitted to the Comptroller and by such officer deposited in the State Treasury as a special fund for the use of the aforesaid Property Tax Committee.

Section 4 of Senate Bill No. 414, in its pertinent portion, reads as follows:

> "In addition to the fees authorized by Article 7331, Revised Civil Statutes of Texas, 1925, as amended each County Tax Assessor-Collector shall collect and remit to the Comptroller, as directed, a special fee of One Dollar ($1) for each delinquent tax receipt, redemption certificate, judgment receipt, or any of them, processed by the County Tax Office, and also for each receipt issued for taxes paid under provisions of Articles 7207, 7208, 7209 and 7346 through 7349, inclusive, of the Revised Civil Statutes of Texas, 1925, or any of them, the proceeds of this additional fee to be deposited in the State Treasury as a special fund for the use of the Property Tax Committee herein created.
>
> "..."

Where there is nothing to indicate that the legislature did not intend exactly what it said, its language is to be literally construed. Trimer v. Carlton, 264 S.W. 253, (Tex.Civ.App.1924) aff. 116 Tex.572, 296 S.W. 1070; Lincoln Nat'l Life Ins. Co. v. Freudenstein, 87 S.W.2d 810 (Tex.Civ. App. 1935 no writ); Brazos River Authority v. City of Graham, 163 Tex. 169, 354 S.W.2d 99 (1962).

It is apparent from the material furnished with your request that the prevailing practice of Tax Assessors and Collectors of our State is to issue receipts on the same form for all payments of ad valorem taxes made from October 1 of

the taxable year to June 30th, both inclusive, of the next following calendar year.  These receipts are distinguished only by the inclusion of penalty and interest on those receipts (excepting split-payments) issued for payments made on and after February 1st and until July 1st of the following calendar year.  These, including those issued for the so-called split-payments, are called "current receipts" by these officers, although the printed forms are merely labelled "State and County Tax Receipt" for the taxable year involved.  The other receipts furnished by the Comptroller for use by the Assessor-Collectors are denominated "Certificate of Redemption", "Judgment Receipt", "Insolvent Receipt", and "Supplemental State and County Tax Receipt".  From all we have been able to ascertain there is no receipt now used by such Assessors and Collectors that is labelled or denominated a "delinquent tax receipt", as such.  As we find it, the foregoing enumerated receipts or certificates are all that are issued for the respective tax payments.

The well established custom of these officers to recognize the date of July 1st of the year succeeding the taxable year as the beginning of all ad valorem tax delinquencies doubtless came into being because such date was, and has been since 1931, the time the Assessor and Collector of Taxes was required by law to begin his list of lands and lots and/or property on which any taxes for the preceding year were delinquent (Art. 7336, V.C.S.).  Apparently this caused many of these officers to form a firm conviction that payments made before July 1 immediately following the taxable year were "current" and not delinquent, although the delinquency date for any taxable year has been since 1897 specified by statute as February first of the next succeeding year.  This has been the determining date ever since, with the exception of the 1935-1939 Depression years during which the date of delinquency determination was made to coincide with the beginning of the delinquent tax roll (July 1st).  In construing the 1897 tax laws, the Court in Clark et al vs. Elmendorf, 78 SW 539 (Tex.Civ.App., 1904, error ref.) held that the taxes involved were delinquent on February first of each year, and the provision as to the collector making a list of delinquent taxes has no reference whatever to the time when the taxes became delinquent.

In 1939 the delinquency date of February first was restored by an amendment to Article 7336, and the pertinent portion of this Article now reads as follows:

"...

"(b) All poll taxes and all ad valorem taxes, unless one-half (1/2) thereof have been paid on or before November thirtieth as hereinabove provided, shall become delinquent if not paid prior to February first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts.  If one-half (1/2) of said ad valorem taxes have been paid on or before the thirtieth day of November as herein provided, the remaining one-half (1/2) of such taxes shall be delinquent if not paid before the first day of July of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts.

"..." (Emphasis added).

Thus, it is clearly apparent that the delinquency date for single-payment taxes is February 1st; for split-payments it is July 1st.  Forest Park Lanes Ltd. v. Keith, 441 S.W.2d 920 (Tex.Civ.App., 1969, no writ); Atlantic Richfield Company v. Warren Independent School District, 453 S.W.2d 190 (Tex.Civ. App., 1970, writ ref., n.r.e.).

Under the system now prevailing, the assessor-collector issues to one paying his taxes between January 31 and July 1, a general tax receipt for such taxes due, plus penalty and interest.  This is all the statutes require of him and we foresee no necessity for a change of such procedure other than the assessment and collection of the $1.00 special fee  provided by Senate Bill No. 414.  Such officer's specification of the character of the receipt issued in such case in of no import - - under Senate Bill No. 414 it is a receipt for payment of delinquent taxes.

Hence, it is the opinion of this office that your question should be answered in the affirmative.

We note that some of the letters received in regard to this question mention a feared hardship on the taxpayers in those counties using data processing whereby each piece of property is listed separately, in that multiple receipts in many cases will encourage such taxpayers to wait until July 1, so as to be charged for only one receipt listing all of his

properties. We see no insurmountable difficulty in reconciling such "data processing" methods to the methods prescribed for the execution of such duties by the Comptroller under Article 7210, Vernon's Civil Statutes.

### S U M M A R Y

The $1.00 special fee levied by Section 4 of Senate Bill No. 414, Acts 62nd Legislature, R.S., 1971, Chapter 221, page 1063, amending Article 7100, V.C.S., on each delinquent tax receipt is applicable to 1971 single-payment tax receipts issued for the period beginning February 1, 1972, and ending June 30, 1972.

The Comptroller under authority of Article 7210, V.C.S., may prescribe methods of reconciling inequities between "data processing" counties and counties using single receipt forms for multiple property listing.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Broadhurst
Jack Goodman
Sam Jones
John Banks

SAM MCDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant