

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 22, 1972

Honorable Franklin L. Smith
County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. M- 1127

Re: Whether $1.00 special
fee required by Art.
7100, Sec. 4, V.C.S., is
applicable to certain
receipts and certificates
processed by County Tax
Assessor-Collectors for
special taxing districts.

Dear Mr. Smith:

You have requested an Opinion of this Office on the above captioned matter. Article 7100, Vernon's Civil Statutes, was amended by the 62nd Legislature[1] so as to create a Legislative Property Tax Committee. In addition to defining and prescribing the duties of said Committee, Section 4 of Article 7100 provides for the collection of an additional $1.00 fee to be collected upon issuance of certain receipts and certificates by County Tax Assessor-Collectors, the fees to be used by the Committee in performing its functions. Section 4 reads as follows:

"Sec. 4. In addition to the fees authorized by Article 7331, Revised Civil Statutes of Texas, 1925, as amended, each County Tax, Assessor-Collector shall collect and remit to the Comptroller, as directed, a special fee of One Dollar ($1) for each delinquent tax receipt, redemption certificate, judgment receipt, or any of them, processed by the County Tax Office, and also for each receipt issued for taxes paid under provisions of Articles 7207, 7208, 7209 and 7346 through 7349, inclusive, of the Revised Civil Statutes of Texas, 1925, or any of them, the proceeds of this

---

[1] Acts 62nd Leg., R.S., 1971, ch. 221, p. 1063.

additional fee to be deposited in the State
Treasury as a special fund for the use of the
Property Tax Committee herein created.

The payment of this additional fee shall be
a condition precedent to the valid issuance of
each such receipt or certificate, and the col-
lection and handling of this special fee shall
be as directed by the comptroller, with remit-
tances to be made monthly or more frequently, as
directed.  All moneys deposited in this special
fund shall be and the same are hereby appropriated
to the use of the Property Tax Committee in carry-
ing out the tasks assigned under this Act, the
funds thus appropriated to be disbursed upon writ-
ten orders of the Committee, with an annual account-
ing by the Committee to be filed with the State
Auditor.  This appropriation is made for a two-year
period beginning June 1, 1971, and shall be renewed
automatically for an additional two-year period
beginning June 1, 1973, unless the 63rd Legislature
shall direct otherwise."

We quote the following excerpt from your letter requesting
an Opinion of this Office on this matter:

"The Tax Assessor-Collector of Nueces County
collects taxes for several independent taxing
agencies located within said County, i.e.; London
Independent School District, Flour Bluff Independent
School District, Port Aransas Independent School
District, the City of Port Aransas, and Nueces
County Water Control and Improvement District #4.

The Assessment and Rolls of these agencies are
made by their respective Assessor-Collectors and
only the collection is handled through the Nueces
County Tax Office.  In the past, no duplicates of
receipts have been furnished to the State of Texas,
nor have these accounts been audited by the Comp-
troller of Public Accounts.  The receipt forms are
furnished by the various taxing authorities and
have no place to add any fees due the State of Texas.

Examples of the forms used for the special taxing agencies are enclosed as Exhibit 'A'.

Subsequent to the passage of the above referred to statute, the Comptroller of Public Accounts sent a letter dated June 29, 1971, to all County Tax Assessor-Collectors, a copy of which is enclosed as Exhibit 'B'. Said letter details the manner in which the Tax Assessor-Collector's forms are to be altered to include the State Cost. All of the forms enumerated are forms furnished by the Comptroller to the Tax Assessor-Collectors. There is no instruction in said letter concerning the forms used to receipt for the special taxing agencies.

Subsequent to the letter of June 29, 1971, the Tax Assessor-Collector of Nueces County attended a meeting of Assessor-Collectors at which he was told that the One Dollar ($1) Cost should be applied only where a collection had been made for the State of Texas, and such was inapplicable to the special taxing agencies. At this time, the Tax Assessor-Collector of this City has been told by the Comptroller of Public Accounts that the One Dollar ($1) State Cost should be collected. A copy of their letter of March 7, 1972, is enclosed herewith as Exhibit 'C'."

This Office, in Opinion No. M-948 (1971), held that the $1.00 special fee imposed by Section 4 was applicable to 1971 single-payment tax receipts issued for the period beginning February 1, 1972, and ending June 30, 1972. In the course of this Opinion, the following statement appears:

"Where there is nothing to indicate that the legislature did not intend exactly what it said, its language is to be literally construed. Trimer v. Carlton, 264 S.W. 253, (Tex.Civ.App. 1924) aff. 116 Tex. 572, 296 S.W. 1070; Lincoln Nat'l Life Ins. Co. v. Freudenstein, 87 S.W.2d 810 (Tex.Civ.App. 1935 no

We adhere to the applicability of this rule of literal construction. That portion of Section 4 which requires the collection of the $1.00 additional fee "for each delinquent tax receipt, redemption certificate, judgment receipt, or any of them, processed by the County Tax Office..." clearly requires such collection for all such receipts and certificates as are "processed by the County Tax Office". The last paragraph of Section 4, above quoted, further states that the payment of the additional fee is a condition precedent to the valid issuance of such receipts or certificates.

Past differences in treatment of receipts or certificates issued for special taxing districts and other receipts or certificates processed by the County Tax Office are immaterial. The Legislature was undoubtedly aware of the fact that in many instances County Tax Assessor-Collectors act in behalf of independent taxing districts in collecting taxes even in those instances in which such districts employ their own Assessor-Collectors. Furthermore, we regard the additional provision to the effect that "the collection and handling of this special fee shall be as directed by the Comptroller,..." as evidence of recognition by the Legislature that additional forms or directions might be necessitated by this new provision, and as authorization to the Comptroller to provide such forms or give such other directives concerning said collections as might be necessary. This the Comptroller has done in his letter of June 29, 1971, to all County Tax Assessor-Collectors. We hold that the special fees in question should be included in the "State Cost" item on the forms furnished the Tax Assessor-Collectors by the Comptroller.

## SUMMARY

The $1.00 special fee required by Article 7100, Section 4, V.C.S., is applicable to the receipts and certificates enumerated therein which are issued by County Tax Assessor-Collectors for special taxing districts and should be included in the "State Cost" item on the forms furnished by the Comptroller of Public Accounts.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Marietta McGregor Payne
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Arthur Sandlin
Jim Swearingen
Bob Davis
Terry Reed Goodman

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant